## Copes, Appellant, *v.* Williams.

Submitted April 19, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Charlie I. Miller,* for appellants.

*Benjamin F. Kirk,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, November 12, 1963:

The plaintiffs-appellants, in August of 1960, purchased a home on Oxford Street in Philadelphia. Later in the same year, appellants, being in need of cash, listed the home for sale in the office of Thomas, a real estate broker, who employed Williams. Eventually, appellants entered into a sales agreement with Mr. and Mrs. Jones and, subsequently, conveyed the property to them by deed.

Appellants refused to surrender possession of the house and a landlord's distraint was levied against them. Thereupon, appellants filed a complaint in equity seeking, inter alia, to set aside the agreement of sale and deed. They alleged that they never knowingly executed these instruments and that their signatures were procured, if at all, by fraud and deceit involving all of the defendants. They contended that they were merely borrowing money from the Joneses and that the sale of their house was not intended.

The chancellor enjoined, preliminarily, Mr. and Mrs. Jones from encumbering or conveying the property and from taking any further action leading to an eviction of or collection of rents from appellants. The matter was then heard on the merits and the chancellor

entered an adjudication and decree nisi, which declared the agreement of sale and deed to be valid and binding, dissolved the preliminary injunction, ordered appellants to vacate the premises, directed a judgment to be entered in favor of appellants against Williams, representing a sum which appellants had loaned Williams out of the proceeds of the sale and dismissed the complaint in equity.

The decree nisi was filed on September 14, 1962 and, on October 25, 1962, no exception thereto having been filed, it was, by praecipe, entered as the final decree. On November 14, 1962, appellants filed the instant appeal from the final decree.

Rule 1518(a) of the Pennsylvania Rules of Civil Procedure provides: "Within twenty (20) days after notice of the filing of the adjudication, exceptions may be filed by any party to rulings on objections to evidence, to findings of fact, to conclusions of law, to the decree nisi, and to a failure or refusal to find any matter of fact or law substantially as requested. Matters not covered by exceptions are deemed waived, unless, prior to final decree, upon cause shown leave is granted to file exceptions covering such matters."

The record does not disclose that leave to file exceptions was granted prior to the entry of the final decree.

However, appellants state in their brief that no exceptions were filed because they lacked money to pay counsel for the filing of exceptions and that when they obtained new counsel, he was unable to obtain leave to file exceptions nunc pro tunc. The record is barren as to any application for leave to file exceptions nunc pro tunc, but does disclose the withdrawal of the appearance of appellants' trial counsel on October 19, 1962, and the subsequent entry of the appearance of their present counsel. In the present state of the record, the scope of our review is very limited. No ex-

ceptions to the findings of fact having been filed, any possible errors therein are deemed to be waived. Cf. *Zagrans v. Cohn*, 404 Pa. 315, 172 A. 2d 291 (1961); *Haefele v. Davis*, 373 Pa. 34, 95 A. 2d 195 (1953), and we should confine our inquiry to whether correct legal principles have been applied to the facts as found.

We have, nevertheless, carefully reviewed the record and have come to the inescapable conclusion that the adjudication of the chancellor was correct. The issues involved were purely factual and the evidence overwhelmingly refutes the allegations of the appellants, particularly in view of the finding of the chancellor, who saw and heard the witnesses, that husband appellant's testimony was not worthy of belief.

The chancellor said: "A careful study of the testimony in this case leads to the inevitable conclusion that the plaintiffs have failed to establish their right to the relief prayed for. The plaintiffs' evidence is far from clear, precise and indubitable.* On the other hand, the defendants' testimony, buttressed by the testimony of William Green, a reputable disinterested witness present at the time of the execution of the conveyance, carries to the mind of the Chancellor conviction of its truth."

No other result could have been reached by the chancellor or by a court en banc, had exceptions to the adjudication been filed.

Decree affirmed, costs on appellants.

---

* It is more accurate to use the word "convincing" than "indubitable". Compare, *Petro v. Secary*, 403 Pa. 540, 543, 170 A. 2d 325 (1961) and *Secary Estate*, 407 Pa. 162, 167, 180 A. 2d 572 (1962).