## Partrick & Wilkins Company *v.* Adams et ux., Appellants.

Argued April 30, 1974. Before Jones, C. J., Eagen, O'Brien, Roberts, Pomeroy, Nix and Manderino, JJ.

*Spencer Ervin, Jr.*, with him *Wilbur Bourne Ruth-rauff, John R. Jakubowski,* and *Gratz, Tate, Spiegel, Ervin & Ruthrauff,* for appellants.

*Andrew F. Mimnaugh,* with him *Thomas J. Mullaney,* for appellees.

Opinion by Mr. Justice Eagen, July 1, 1974:

This action in equity sought specific performance of a contract to sell realty. After an extended hearing, the chancellor entered an adjudication on June 22, 1973, which included findings of fact and conclusions of law, and a "final decree" ordering the defendants to comply with the agreement. From this "final decree", the defendants filed the instant appeal on July 18, 1973. The decree must be vacated.

In disposing of an action in equity on the merits, the chancellor must first file an adjudication in the form of a decree nisi to which either party may file exceptions in the time permitted. If such exceptions are filed, they must be reviewed by a court en banc before a final decree is entered. *Cooney v. Pennsylvania Osteopathic Association,* 434 Pa. 358, 253 A.2d 256 (1969). If the parties are given the opportunity of filing exceptions to the chancellor's decree nisi and fail to do so, then the scope of review on appeal is limited to determining whether correct legal principles have been applied to the facts as found. *Copes v. Williams,* 412 Pa. 452, 194 A.2d 899 (1963).

Since the parties here were deprived of the opportunity of filing exceptions to the chancellor's decree, and a review thereof by the court en banc below, the decree will be vacated and the record remanded for this purpose.

It is so ordered. Each side to pay own costs.

———

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I dissent. The parties were not, as the majority presumes, deprived of an opportunity to file exceptions to the chancellor's decree. Rather, the parties expressly waived their right to file exceptions. The sole reason a final order was entered was that, as the chancellor stated, "the parties have stipulated that this matter may be considered as on final hearing." To remand to afford the parties an opportunity to do that which they agreed not to is an unwise appellate practice. No rights are being protected by such a course. To the contrary, the right of the parties (and the chancellor) to rely on a stipulation is infringed. Cf. *Kassab v. Central Soya,* 432 Pa. 217, 221-24, 246 A.2d 848, 850-51 (1968).

Moreover, even if a stipulation did not exist, still I would not remand for the filing of exceptions. As I see it, that neither party raised on appeal the issue of lack of opportunity to file exceptions precludes our considering it. This Court has repeatedly stated that issues not properly raised in the court below will not be considered on appeal. E.g., *Wenzel v. Morris Distributing Co.,* 439 Pa. 364, 373-74, 266 A.2d 662, 667 (1970); *Brunswick Corp. v. Key Enterprises, Inc.,* 431 Pa. 15, 244 A.2d 658 (1968); *Wynnewood Civic Association v. Lower Merion Township Board of Adjustment,* 406 Pa. 413, 419, 179 A.2d 649, 652 (1962). See *Commonwealth v. Agie,* 449 Pa. 187, 296 A.2d 741 (1972). There is then no justification for this Court to consider ex mero motu an issue not raised by either party in their briefs or at oral argument.* See *Sladkin v. Greene,* 359 Pa. 528, 531, 59 A.2d 105, 107 (1948); *Loney v. Denenberg,* 166 Pa. Superior Ct. 378, 381, 71 A.2d 842, 843 (1950); *United States Steel Corp. v. Simon,* 9 Pa. Commonwealth Ct. 281, 287-88, 305 A.2d 913, 917 (1973).

In my view, the chancellor's decree should be affirmed. After hearing extensive testimony, reviewing the pertinent documents, and conducting a personal view of the premises, the chancellor found that the parties intended that appellants would convey to appellees the parcel of land in dispute. Assessment of credibility played a large role in the chancellor's determination. Because the parties chose not to except to the decree, this Court should review only whether an error of law has been committed. *Logan v. Cherrie,* 444 Pa.

---

* In passing I note that failure to enter a decree nisi, for whatever reason, does not go to the court's jurisdiction. E.g., *West Homestead School Dist. v. Allegheny County Bd. of Directors,* 440 Pa. 113, 116, 269 A.2d 904, 906 (1970); *Commonwealth ex rel. Ransom Township v. Mascheska,* 429 Pa. 168, 239 A.2d 386 (1968).

555, 282 A.2d 236 (1971) (per curiam); *Copes v. Williams,* 412 Pa. 452, 194 A.2d 899 (1963). It is my judgment that the chancellor did not err as a matter of law, and that therefore the decree should be affirmed.