Board of School Directors, Wallingford-Swarthmore School District et al., Appellants *v.* Joseph Kassab and E. Elizabeth Kassab, Appellees.

66

Argued June 10, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS and MACPHAIL, sitting as a panel of three.

*David A. Gradwohl*, with him *Martin R. Lentz* and *Gary D. Fry, Pelino & Lentz, P.C.*, for appellants.

*R. Scott Aldridge,* for appellees.

OPINION BY JUDGE MACPHAIL, September 15, 1982:

Appellants[1] appeal here from a final decree of the Court of Common Pleas of Delaware County, sitting in equity, which permitted Appellants to erect lights at their athletic field but imposed certain restrictions and conditions regarding their use. In addition to the appeal on the substantive issues, there is also before us for disposition Appellees'[2] motion to quash the appeal.

Appellees filed a complaint in equity seeking an injunction which would prohibit Appellants from erecting poles upon which electric lights were to be placed to illuminate the high school athletic field. The complaint was filed June 30, 1978. At the same time, a petition for a preliminary injunction was filed in response to which the trial court set July 5, 1978 at 10:00 AM as the time for hearing on that petition. On July 11, 1978, Honorable JOHN V. DIGGINS, Senior Judge, presided at what he and counsel agreed was to be a hearing to determine if a preliminary injunction should be allowed. Appellants, at the same time, filed responsive pleadings and Appellees filed an amended complaint. An answer to the amended complaint was filed July 24. The hearing which commenced July 11 was continued until August 15 and again, to August 16. At the conclusion of the proceedings on August 16, counsel for Appellants moved to have the petition for a preliminary injunction dismissed. That motion was denied. Counsel then moved for a non-suit on the underlying suit in equity. That, too, was denied.

Thereupon, from the bench, the learned judge entered an order which permitted the erection of the

---

[1] Board of School Directors, Wallingford-Swarthmore School District, Mary Bramson, David W. Deakyne, Nancy J. Graham, David L. Grove, Ann D. Hazard, Robert L. Osborne, James F. Proud, Mary Purcell, Sally F. Speaker and John H. Bear.

[2] Joseph Kassab and E. Elizabeth Kassab.

lights but prescribed conditions and restrictions under which they could be used. At the conclusion of the bench order, the trial judge said, "and that is the Decree. Unless exceptions thereto are filed within ten days, it shall become the final Decree."[3]

The trial judge's oral adjudication was reduced to writing and duly filed to comply with the provisions of Pa. R.C.P. No. 1517(b).

Nothing transpired thereafter until February 6, 1980, when Appellees filed a praecipe pursuant to the provisions of Pa. R.C.P. No. 1519(a) in response to which the prothonotary entered the decree nisi as a final decree. Within 30 days thereafter, the appeal to this Court was filed.[4]

Appellants contend to us that the trial court erred in failing to apply the correct legal principles to this case, that the trial court lacked jurisdiction to decide the case and that the adjudication is a nullity because it failed to comply with Pa. R.C.P. No. 1517(a). In addition, Appellants argue that there is no basis upon which this appeal can be quashed.

## MOTION TO QUASH

Appellees contend that this appeal must be quashed because (a) no exceptions were filed to the decree nisi

---

[3] Nowhere in his discussion of the facts and law nor in his order did the trial court mention the disposition of the petition for a *preliminary* injunction. Since both parties have treated the trial judge's order as a disposition of the underlying action for a permanent injunction, we will not, in the interest of judicial economy, order a remand.

[4] Upon the filing of the appeal to this Court, the trial judge ordered that a concise statement of the matters complained of on appeal be filed. When that was done, the trial judge entered an opinion and an order which "sustained" his prior orders. Notwithstanding the order accompanying the opinion, the instant appeal is from the final decree as entered by the prothonotary on February 6, 1980.

and (b) the instant appeal was untimely filed within 40 days of Judge DIGGINS' decree of August 16, 1978. The latter contention is premised on the language in Judge DIGGINS' order that the decree would become final "within 10 days."[5] We are virtually certain that the trial judge assumed that counsel would be aware that Pa. R.C.P. No. 1519(a) provides that a final decree is entered "on praecipe" and that his language was not intended to be in contravention of that Rule. Indeed, since Appellees did praecipe for a final decree, they are in a somewhat awkward position to argue now that the decree became final some 18 months earlier. We hold that the appeal to this Court was timely filed.

Concerning the failure to file exceptions, we note that Pa. R.C.P. No. 1518 provides that the sanction for such failure is that matters not covered by the exceptions are waived.[6] Inasmuch as a final decree has been entered here, however, the failure to file exceptions does not bar an appeal. *Estate of Kotz*, 486 Pa. 444, 406 A.2d 524 (1979). Such failure does, of course, severely restrict the matters that may be raised on appeal, as will subsequently appear in this opinion.

The motion to quash will be denied.

### MERITS OF THE APPEAL

Although the failure to file exceptions is not a basis for dismissal of this appeal, our case law is to the effect that where no exceptions to the findings of fact in

---

[5] The time limit for an appeal to this Court, of course, is 30 days after the order or judgment appealed from is filed. Pa. R.A.P. 903.

[6] *Cf.* Pa. R.C.P. No. 1038 relating to non-jury trials. Our case law is to the effect that no appeal will lie from a decision of a trial judge sitting without a jury unless exceptions to the decision are filed and disposed of by the court. *Ravenell v. Harrisburg Housing Authority*, 29 Pa. Commonwealth Ct. 167, 370 A.2d 761 (1977).

a decree nisi are filed, the sole issue for review is whether the findings support the decree, *McLaughlin v. Lansford Borough School District*, 335 Pa. 17, 6 A.2d 291 (1939) or, as our Supreme Court said later, whether correct legal principles have been applied to the facts. *Partrick and Wilkins Co. v. Adams*, 456 Pa. 566, 322 A.2d 341 (1974) and *Copes v. Williams*, 412 Pa. 452, 194 A.2d 899 (1963). Appellants accept that standard for review but also add that subject matter jurisdiction may be challenged at any stage of the proceedings. This is also a correct statement of the law. *Lang v. Township of North Fayette*, 63 Pa. Commonwealth Ct. 268, 437 A.2d 1282 (1981).

At the outset, we dismiss Appellants' argument that the adjudication of the trial judge is a nullity because it failed to include a statement of the issues as required by Pa. R.C.P. No. 1517(a). The record discloses that prior to entering his oral adjudication, the trial judge enunciated the issue in the case as he perceived it. Both counsel agreed that that was the issue. Even though the issue was not stated as part of the formal adjudication, counsel were well aware of the issue that the court intended to resolve and that is the purpose of the requirement of Rule 1517(a). Furthermore, we do not believe that the alleged omission comes within our scope of review in this case because Appellants failed to file exceptions to the adjudication. Such a procedural flaw is not a question involving the application of the correct principles of law to the facts found by the trial court.

Appellants' jurisdictional issue is centered on their contention that Appellees had an adequate administrative remedy available to them by virtue of the provisions of Section 731 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §7-731 which states, *inter alia*, that the Department of Education shall receive and investigate com-

plaints from the public or other sources concerning any school building construction or reconstruction project. Although Appellants' brief is peppered with numerous citations to cases where the provisions of Section 731 have been invoked, none come even remotely close to holding that field lights on an athletic field are included within the term "school building." In addition, as the trial court observed, the funds for the lights were not public funds raised by taxes, but rather monies contributed on a voluntary basis by interested persons. We dismiss the jurisdictional argument as being without merit.

Finally, we come to the most substantial argument raised in this appeal. The trial judge said in his adjudication:

> We think that the allegations of the complainants are not without merit, but we cannot find under this evidence proof of a nuisance in contemplation of law will occur.
>
> Yet, we recognize a duty to see that such a condition does not arise and to retain control to see that it does not arise; and to that end and in view of the evidence, the facts, and the law, we make the following Order.

Appellants contend, of course, that when the trial court found that Appellees had failed to prove that a nuisance "will occur", the trial court could not then exercise its equitable powers to prescribe the conditions under which the lights might be used. We determine that this is a proper matter for our review because it does involve an application of the correct principles of law to the facts as found by the trial court.

The essence of Appellees' complaint was two-fold: the erection of the lights would constitute a nuisance and the school board abused its discretion when it gave its permission for the lights to be erected. The trial court in its findings of fact, after reviewing the conflicting evidence on both sides, stated:

On balance, we find that the benefits out-weigh the inconvenience to the neighbors as we see it.

Concerning the actions of the school board, the trial court in its conclusions of law said:

AND FURTHER, we think it is the law that the exercise of discretion by school authorities will be interfered with only in cases of clear abuse, period.

Appellants do not argue that the trial court erred when it concluded that the school board had not abused its discretion but as we have noted, they do argue most persuasively that when the trial court held that it could not find under the evidence proof that a nuisance would occur, that conclusion prevented the trial court from entering a decree which prescribed how and when the lights would be used.

In the case of *Kelly v. Philadelphia*, 382 Pa. 459, 464-65, 115 A.2d 238, 241 (1955), our Supreme Court stated the following:

Our decisions are in accord with those of the majority of jurisdictions that before an in-junction will be granted to restrain a threat-ened nuisance it must clearly appear that a nuisance will necessarily result from a con-templated act which it is sought to enjoin.... In Rhodes et al. v. Dunbar et al., 57 Pa. 274, cited with approval in the Pennsylvania Co. case, supra, it was stated: " ... 'As a general rule the court ought not to interfere in cases of nuisance, where the injury apprehended is of a character to justify conflicting opinions, whether the danger will in fact be ever real-ized.' "

In the *Kelly* case, the Supreme Court held where there is conflicting evidence on the issue of a threatened harm, based upon facts not in existence but which

were potential in character, it could not be held that a nuisance would *necessarily* result but would be only conjectural and uncertain. The analogy between the facts in *Kelly* and those in the case now before us is very close. We conclude that the trial judge in the instant case was correct when he held that injunctive relief could not be given because proof of a nuisance was lacking.

Although we agree with the trial judge that no nuisance had been proved, we have considerable difficulty finding the basis upon which he proceeded to enter an order which prescribed conditions and restrictions governing the use of lights. We observe that there is no discussion of this issue in the trial court's opinion except to recognize that it was one of the bases for the appeal to this Court. There can be no doubt that a chancellor in equity has broad powers but these may be exercised only in accordance with the fixed principles and precedents of equity jurisprudence. 27 Am. Jur. 2d *Equity* §102 (1966). "A court of equity has no more right than has a court of law to act on its own notion of what is right in a particular case; it must be guided by the established rules and precedents." 27 Am. Jur. 2d *Equity* §118 (1966). We conclude that although it is apparent to us that the trial court in the instant case was motivated to reduce the inconvenience and annoyance to Appellees from the *possible* adverse effects of the lights, it lacked any equitable basis for doing so after it concluded that no nuisance would occur; thus, the judicial intervention in matters normally within the control of the school board is unwarranted and must be set aside. When and if a nuisance in fact develops after the lights are erected and in use, of course, a court of equity can and should intervene.

74

## Order

The petition of Joseph and E. Elizabeth Kassab to quash the instant appeal is denied.

The decree nisi of the Court of Common Pleas of Delaware County, sitting in equity, dated August 16, 1978 and made final February 6, 1980, is affirmed insofar as it refused to grant injunctive relief to Mr. and Mrs. Kassab. The remainder of the decree which imposed conditions and restrictions upon the use of the lights and imposed duties upon the school board with respect to surveillance and traffic control is hereby vacated and set aside.