805 A.2d 491

**Mary CHALKEY, a/k/a Mary Matula, Appellant,**

v.

**Franklin Delano ROUSH, Jr., Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 10, 2001.

Decided Aug. 21, 2002.

Thomas William Cartwright, Johnstown, for Mary Chalkey.

H.R. Belden, Greensburg, for Franklin Delano Roush, Jr.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION OF THE COURT

Justice NIGRO.

In this appeal, Appellant Mary Chalkey, a/k/a Mary Matula,[1] argues that the Superior Court erred in holding that Appellee Franklin Delano Roush, Jr. did not waive his claims on appeal as a result of his failure to file post-trial motions with the trial court. While we find that pursuant to Rule 227.1 of the Pennsylvania Rules of Civil Procedure, parties are

1. Chalkey is now deceased and therefore is represented by her estate.

required to file post-trial motions from a trial court's order following a trial in both actions at law and in equity in order to properly preserve issues that they wish to raise on appeal, we also find that this rule shall be applied prospectively only. Thus, we affirm the Superior Court's order granting Roush relief in the instant case.

In April 1994, the Court of Common Pleas of Cambria County entered a judgment of approximately $80,000.00 against Chalkey pursuant to an action brought by her brother's estate seeking liquidation of a property interest that her brother shared with her. Attorney Rex W. McQuaide represented Chalkey in that action. McQuaide also assisted Chalkey in trying to secure the money to satisfy the judgment she owed to her brother's estate. When Chalkey failed to satisfy the judgment by late 1995, a judgment creditor scheduled a sheriff's sale on December 8, 1995 for a large parcel of property owned by Chalkey.

In November 1995, Chalkey retained Roush to act as her attorney in an attempt to stay the scheduled sheriff's sale. Roush, acting on behalf of Chalkey, filed a motion for a stay of the sale, and on December 4, 1995, the trial court held a hearing on the motion. Following the hearing, the trial court denied the motion for a stay. Later that day, however, Chalkey entered into a contract of sale with Roush for the large parcel of land scheduled to be sold in exchange for $76,000.00, the amount remaining under the judgment against her.

In October 1997, Chalkey filed an action in equity requesting that the trial court declare the sale of the parcel to Roush void and require Roush to account to her for any revenue obtained from either a disposition of the property or a sale of timber from the property.[2] Chalkey argued that Roush had exerted undue influence over her by using his position as her

2. Chalkey also sought preliminary and permanent injunctions restraining Roush from conveying the property, encumbering the property, or selling timber from the property. Upon the filing of her complaint, the trial court granted Chalkey's request for a preliminary injunction and following a lengthy trial on October 10, 1997, it also granted Chalkey's request for a permanent injunction.

attorney to convince her to sell him the property for much less than its value. Furthermore, according to Chalkey, Roush was guilty of fraud and/or false pretenses because he led Chalkey to believe that he was merely loaning her the money in order to prevent the sheriff's sale.

On July 13, 1998, the trial court held a trial regarding the merits of Chalkey's claims. At the close of the trial, the court incorporated the evidence from the previous proceedings, including the lengthy October 10th trial concerning the permanent injunction.[3] *See*, n. 2, *supra*. On August 11, 1998, the trial court issued an opinion containing findings of fact and conclusions of law. Specifically, the trial court determined that a confidential relationship existed between Roush and Chalkey and that Roush took unfair advantage of that relationship in order to obtain the property from Chalkey for less than its value. The trial court therefore found that the contract for the sale of the property should be voided based on the theory of undue influence[4] and the parties should be returned to the positions they occupied before the transfer of the property. Accordingly, the trial court entered an order in which it declared the sale of the property void, instructed Roush to transfer the property back to Chalkey, and directed Roush to pay Chalkey the sums he received from an agreement to sell timber that was located on the property.

Roush did not file post-trial motions in response to the trial court's order. Rather, he immediately appealed from the order to the Superior Court. A three judge panel of the Superior Court, relying on this Court's per curiam order in *Lane Enterprises, Inc. v. L.B. Foster Co.*, 551 Pa. 306, 710 A.2d 54 (1998), *rev'g*, 700 A.2d 465 (Pa.Super.1997), determined that the issues raised by Roush on appeal were waived because Roush failed to raise them in post-trial motions. Roush filed a Petition for Reargument, which the Superior Court granted, and the case was reargued before an *en banc*

---

3. Neither party objected to this incorporation of evidence from the previous proceedings.

4. Given this finding, the trial court did not address Chalkey's claims of false pretenses and fraud.

panel of the Superior Court. Following argument, a majority of the Superior Court determined that because the trial court did not enter a decree nisi pursuant to Rule 1517(a) of the Rules of Civil Procedure,[5] Roush did not waive his issues by failing to file post-trial motions.[6] The Superior Court remanded the matter to the trial court to allow both the trial court and Roush to comply with the Rules of Civil Procedure. Subsequently, this Court granted allocatur to decide whether the Superior Court properly concluded that Roush did not waive the issues he raised on appeal by failing to file post-trial motions in accordance with Rule 227.1.[7]

In 1984, this Court rescinded Rules 1518 and 1519 of the Rules of Civil Procedure, which governed the procedures for post-trial relief in an equity action,[8] and adopted Rules 227.1

5. Rule 1517(a) provides that following an equity trial:
   (a) The court shall make an adjudication.... The adjudication shall consist of (1) a statement of the issues; (2) a closely condensed chronological statement, in narrative form or in separate findings, of all the facts which are necessary to be known in order to determine the issues; (3) a discussion of the questions of law involved and the court's conclusions of law; and (4) a decree nisi.
   Pa.R.C.P. 1517(a). A decree nisi is an interlocutory judgment or provisional decree that becomes a final upon a motion by a party unless cause can be shown against it. BLACK'S LAW DICTIONARY (7th ed.1999). Thus, when a trial court enters a decree nisi, the parties are provided with an opportunity to object to the decree nisi as becoming the proposed disposition of the case.

6. The *en banc* panel of the Superior Court was divided with five judges agreeing with the majority opinion and four judges agreeing with the dissenting opinion. The dissent found that because the trial court's opinion substantially complied with Rule 1517(a), the majority's analysis elevated form over substance. The dissent further determined that Rule 227.1 of the Rules of Civil Procedure is explicit in requiring a party to file post-trial motions at the conclusion of trial in an action at law and in equity and therefore, Roush's failure to do so warranted a finding that his claims were waived pursuant to *Lane Enterprises*, 551 Pa. 306, 710 A.2d 54.

7. As this issue concerns a matter of law, our scope of review is plenary. *Phillips v. A–Best Products Co.*, 542 Pa. 124, 665 A.2d 1167, 1170 (1995).

8. Rule 1518 provided that within twenty days from a court's adjudication, a party could file exceptions from that adjudication. Furthermore, Rule 1518 stated that "[m]atters not covered by exceptions are deemed waived, unless, prior to final decree, leave is granted to file

through 227.4 to establish uniform procedures for post-trial relief in actions at law and equity, and actions tried with or without a jury. *See* Pa.R.C.P. 227.1 cmt. (1983). Pursuant to Rule 227.1(c), a party shall file post-trial motions within ten days after a:

(1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or

(2) notice of nonsuit or the filing of the decision or adjudication in the case of a trial without jury or equity trial.

Pa.R.C.P. 227.1(c). After a party files post-trial motions, the trial court may then:

(1) order a new trial as to all or any of the issues; or

(2) direct the entry of judgment in favor of any party; or

(3) remove a nonsuit; or

(4) affirm, modify or change the decision or decree nisi; or

(5) enter any other appropriate order.

Pa.R.C.P. 227.1(a). Grounds not specified by a party in post-trial motions pursuant to Rule 227.1 shall be deemed waived on appellate review. Pa.R.C.P. 227.1(b)(2); *see also* Pa.R.A.P. 302(a); *Lane Enterprises*, 551 Pa. 306, 710 A.2d 54 (1998).[9]

In *Lane Enterprises*, this Court recently reviewed whether a party may be excused from filing post-trial motions under Rule 227.1. 551 Pa. 306, 710 A.2d 54. *Lane Enterprises* involved an action at law where the trial court, following a bench trial, entered an opinion that did not include any findings of fact or conclusions of law but only disposed of the issues argued by the parties. *See Lane Enterprises*, 700 A.2d 465 (Pa.Super.1997). Upon receipt of the trial court's opinion, the appellant assumed that the opinion was a final order and

exceptions raising these matters." Pa.R.C.P. 1518 (rescinded). According to Rule 1519, an *en banc* court would review the exceptions filed by a party and if none of the parties filed exceptions, upon a praecipe filed by one of the parties, the prothonotary would enter a final decree based on the court's adjudication. *See* Pa.R.C.P. 1519 (rescinded).

9. The purpose for Rule 227.1 is to provide the trial court with an opportunity to correct errors in its ruling and avert the need for appellate review. *See* Pa.R.C.P. 227.1 cmt. 1.b. (1995).

therefore filed a notice of appeal rather than post-trial motions. *Id.* at 470. The Superior Court concluded that although the appellant did not file post-trial motions pursuant to Rule 227.1, it would nevertheless review the appellant's issues because the trial court's opinion, which lacked fact findings and legal conclusions, led both parties to believe that it was a final order. *Id.*[10] On appeal, however, this Court reversed by a per curiam order, stating that Rule 227.1 "requires parties to file post-trial motions in order to preserve issues for appeal." *Lane Enterprises,* 710 A.2d at 54.

In the instant case, the Superior Court recognized that both Rule 227.1 and *Lane Enterprises* mandate that a party file post-trial motions from a trial court's decision and order following the conclusion of a trial. Nonetheless, relying on several of this Court's previous decisions, the Superior Court determined that in an action at equity, a party may be excused from filing post-trial motions where the trial court entered an order that failed to comply with the requirements for an adjudication listed in Rule 1517(a) and thus, appeared to be final and subject to immediate appeal. *See Commonwealth v. Derry Township,* 466 Pa. 31, 351 A.2d 606 (1976) (appellant's claims not waived as it cannot be presumed that appellant knew that he had to file exceptions to preserve his right to appeal where the trial court's adjudication neither comports with the requirements of Rule 1517(a) nor indicates that it is a decree nisi); *Community Sports, Inc. v. Oakland Oaks,* 429 Pa. 412, 240 A.2d 491 (1968) (excusing appellants' failure to file exceptions because they may have justifiably relied on chancellor's statement that no decree nisi would be filed).[11] We

10. In deciding whether to review the appellant's claims, the Superior Court relied on *Donegal Mutual Ins. Co. v. State Farm Mutual Automobile Ins. Co.,* 377 Pa.Super. 171, 546 A.2d 1212 (1988), and *Storti v. Minnesota Mutual Life Ins. Co.,* 331 Pa.Super. 26, 479 A.2d 1061 (1984), both actions in equity. In those cases, the Superior Court excused the appellant's failure to file post-trial motions because the trial court entered an adjudication that failed to conform to Rule 1517(a) and thus, may have confused the appealing party as to whether post-trial motions were necessary. 700 A.2d at 465.

11. In reviewing the exception to the waiver rule, the Superior Court also relied on this Court's decisions in *In re Involuntary Termination of*

disagree that such an excuse remains permissible under Rule 227.1.

██ *Community Sports, Derry Township,* and the other decisions of this Court that the Superior Court relied upon below, were all decided under Rule 1517, in conjunction with Rule 1518, which together provided for a post-trial practice particular to actions in equity. In rescinding Rule 1518 and replacing it with Rule 227.1, however, this Court intended to abolish that equity-specific practice and establish a standard post-trial practice, which applies to both actions at law and actions in equity. *See* Pa.R.C.P. 227.1 cmt. (1983). Under Rule 227.1, a party must file post-trial motions at the conclusion of a trial in *any* type of action in order to preserve claims that the party wishes to raise on appeal. In other words, a trial court's order at the conclusion of a trial, whether the action is one at law or in equity, simply cannot become final for purposes of filing an appeal until the court decides any timely post-trial motions. *See* Pa.R.C.P. 227.1(a).

Moreover, just as we found that there was no excuse for a party's failure to file post-trial motions from a trial court's abrupt opinion following a trial in an action at law in *Lane Enterprises,* we find that there is no excuse for a party's failure to file post-trial motions from a trial court's order following an equity trial, even if that order does not comply with the requirements for an adjudication listed in Rule 1517(a).[12] *See Lane Enterprises,* 710 A.2d at 54. Thus, the

*Parental Rights to B.M.D. and R.L.D.,* 487 Pa. 387, 409 A.2d 404 (1979) and *Partrick & Wilkins Co. v. Adams,* 456 Pa. 566, 322 A.2d 341 (Pa.1974). In *B.M.D.,* this Court noted that the trial court completely disregarded Rule 1517(a) by entering a final decree rather than a decree nisi. Thus, the Court concluded that the trial court's order must be vacated and the case remanded so that the trial court could enter an appropriate adjudication from which the appellant could file exceptions. 409 A.2d at 407. Similarly, in *Partrick & Wilkins Co.,* the trial court entered a "final decree" and this Court determined that the decree must be vacated because it essentially precluded the appellant from filing exceptions. 322 A.2d at 341.

12. Although we do not approve of a trial court's failure to issue an adjudication in accordance with Rule 1517(a), we do not believe that the trial court's error should excuse a party's duty to file post-trial motions from the trial court's order at the conclusion of trial. When

exceptions provided in *Community Sports, Derry Township,* as well as those other cases by this Court relied upon by the Superior Court below, are no longer valid and our decision in *Lane Enterprises* applies in actions in equity, just as it applies in actions at law. With this unequivocal rule, there is no danger that parties will be confused as to whether they should file post-trial motions or proceed directly to an appeal from an order entered by a trial court in an action in equity.[13]

We recognize, however, that until this point there has been confusion in the courts below regarding whether our enact-

the party files post-trial motions, it can point out any errors in the trial court's adjudication, including the court's failure to comply with Rule 1517(a). The trial court shall then issue a supporting memorandum that complies with Rule 1517(a). Furthermore, if a party is unsure whether the trial court has entered an adjudication from which post-trial motions must be filed, the party may always petition the trial court to determine whether the trial court intended its order to be an adjudication from which post-trial motions would follow.

13. In his concurring opinion, Justice Saylor states that our decision today will nevertheless lead to confusion because it is inconsistent with this Court's decision in *Nationwide Mut. Ins. Co. v. Wickett,* 563 Pa. 595, 763 A.2d 813 (2000). We disagree. In *Wickett,* a declaratory judgment action pursuant to 42 Pa.C.S. § 7532, this Court found that a trial court order sustaining preliminary objections and dismissing certain defendants was an order declaring the rights of the parties, and thus, was a final and immediately appealable order. 763 A.2d at 818. In concluding as such, we relied upon the Declaratory Judgment Act, which states that court declarations regarding the rights, status, and other legal relations of parties in an action "shall have the force and effect of a final judgment or decree." 42 Pa.C.S. § 7532. Justice Saylor contends that consistent application of this statute would require us to find that the order of the trial court in the instant case, which declared the contract between Chalkey and Roush void, is final and immediately appealable as well. However, in *Wickett,* the trial court's order was made based upon preliminary objections, whereas here, the trial court entered its opinion and order following a trial on the merits of Chalkey's complaint. While the Declaratory Judgment Act states that court declarations made under the Act shall have the force of a final order, the Act also states that where issues of fact must be determined in an action seeking declaratory judgment, those issues must be determined as in other civil actions. 42 Pa.C.S. § 7539; *see also* Pa.R.C.P. 1601. Therefore, where a trial court enters a declaratory order following a trial, parties must file post-trial motions from that order, as they would in any other civil proceeding, before the order may be deemed a final order for purposes of an appeal. On the other hand, where the trial court enters a declaratory order based on a pre-trial motion, as in

ment of Rule 227.1 abrogated our pre-Rule 227.1 decisions excusing a party from filing post-trial motions in an equity trial where the trial court entered an opinion and order that failed to comply with the requirements for an adjudication in Rule 1517(a). *See In re J.J.F., J.R.F.*, 729 A.2d 79, 82 (Pa.Super.1999) (remanding case for trial court to enter a decree nisi where trial court entered an order without decree nisi and appellant filed exceptions as well as notice of appeal); *Christopher M's Hand Poured Fudge, Inc. v. Hennon*, 699 A.2d 1272, 1274 (Pa.Super.1997) (appellant's failure to file post-trial motions is excused because trial court entered opinion and order instead of decree nisi); *Altomare v. Altomare*, 355 Pa.Super. 391, 513 A.2d 486, 487 n. 1 (1986) (appellant did not waive claims by failing to file post-trial motions because trial court did not label order decree nisi nor indicate that post-trial motions were required). As noted by Roush, due to this confusion, parties have received mixed signals regarding whether they must file post-trial motions from a trial court's order which does not correspond with Rule 1517(a), or immediately file an appeal.[14] Given this confusion, our decision today, that a party must file post-trial motions from a trial court's order following an equity trial in order to preserve issues for appeal and that a party shall not be excused from filing post-trial motions where the trial court enters an order that fails to comply with the technical requirements of Rule 1517(a), shall be applied prospectively only. *See* Pa.R.C.P. 126 (rules of civil procedure shall be construed liberally to secure the just, speedy, and inexpensive determination of every action). Accordingly, in the instant case, we affirm the Superior Court's order granting Roush relief and remanding the matter to the trial court to enter an order that conforms to Rule 1517(a).

*Wickett,* the parties are obviously not required to abide by the post-trial practice rules governing civil proceedings.

**14.** Indeed, upon receiving a trial court's order and opinion in an equity action, parties have been forced to face the untenable choice of filing post-trial motions and risking the forfeiture of their appellate rights due to the expiration of the appeal period or filing a direct appeal and risking a holding that their issues were waived due to their failure to file post-trial motions.

Former Chief Justice FLAHERTY did not participate in the decision of this matter.

Justice SAYLOR files a concurring opinion.

Justice SAYLOR, Concurring.

In *Nationwide Mut. Ins. Co. v. Wickett*, 563 Pa. 595, 763 A.2d 813 (2000), this Court endorsed a plain meaning approach to Section 7532 of the Judicial Code, 42 Pa.C.S. § 7532, and, in particular, to the legislative prescription that declarations of rights, status and legal relations "shall have the force and effect of a final judgment or decree." *See Wickett*, 563 Pa. at 604, 763 A.2d at 818 ("Section 7532 simply states that an order in a declaratory judgment action that either affirmatively or negatively declares the rights and duties of the parties constitutes a final order."). Thus, the Court determined that an order that would be non-final under ordinary principles of appealability (since it resolved the claims as between less than all the parties, *see* Pa.R.A.P. 341(b)(1)), must nevertheless be deemed final by virtue of the legislative designation. *Id.* (citing Pa.R.A.P. 341(b)(2)).[1] In the present case, the common pleas court issued an order affirmatively granting, *inter alia*, declaratory relief ("the contract for sale of land between Defendant and Plaintiff is hereby declared NULL and VOID"), which, under the reasoning applied in *Wickett*, would seem plainly to constitute a final order.[2] Nevertheless, here

1. While *Wickett* involved summary disposition of claims against less than all parties, its reasoning was tied to the character of the proceedings, and the issuance of orders actually declaring the substantive rights of parties. *See Wickett*, 563 Pa. at 603, 763 A.2d at 818. Therefore, for present purposes, I do not view the some versus all parties distinction as a reasonable basis for distinguishing the present case from *Wickett*. Additionally, although *Wickett* was styled as a declaratory judgment proceeding, whereas the present action is framed more generally as an action in equity, Section 7532 applies in either paradigm. *See* 42 Pa.C.S. § 7532 (prescribing the jurisdiction of the courts over declaratory relief "whether or not further relief is or could be claimed").

2. I recognize that the issuance of the order was improper in the procedural posture of the case, as the rules require the making of an adjudication prior to the entry of judgment. *See* Pa.R.C.P. No. 1517. Nevertheless, it seems to me that if the prevailing judicial interpretation of Section 7532 as derived from *Wickett* were to be applied consistently, in actions in which declaratory relief is affirmatively granted by a court

the Court chooses a uniform rule of appealability over the legislative designation.

I dissented in *Wickett* because I believed that the Court could and should adopt an interpretation aligning declaratory judgment jurisprudence with that which applies to civil actions generally. *See Wickett,* 563 Pa. at 605, 763 A.2d at 819 (Saylor, J., dissenting). I am able to join the majority's disposition here because, given the choice between applying *Wickett's* reasoning consistently to require an immediate appeal in proceedings involving premature judgments in declaratory judgment proceedings and aligning Rule 227.1 jurisprudence concerning declaratory judgments with that pertaining to civil judgments generally, I favor the latter course. I strongly believe, however, that the Court is best served by

of equity, even out of turn, the court's judgment as rendered would be afforded the effect of a final order.

Respectfully, I disagree with the majority's position that Section 7532 of the Judicial Code, perforce, yields the contrary conclusion. *See* Majority Opinion, at 496 n. 13. Section 7539 merely provides that, when a proceeding involves determination of factual questions, they may be tried and determined in the same manner as such issues are resolved in other civil actions. *See* 42 Pa.C.S. § 7539. The difficulty arising in the present line of cases, however, stems from the fact that issues have not been determined in the same manner as other civil actions, since the common pleas court has omitted a procedural step (the adjudication) and entered what appears on its face (and, under *Wickett,* on the face of the Declaratory Judgment Act) to be a final order. Moreover, reliance on Section 7539 as a basis for distinction would seem to undermine the uniform rule that the Court announces, since that provision does not address cases in which there are no factual disputes, for example, where an equitable decree is rendered on stipulated facts. *See, e.g., State Farm Fire and Casualty Co. v. Craley,* 784 A.2d 781, 786–788 (Pa.Super.2001) (following *Wickett* to determine that an order declaring rights on stipulated facts was immediately appealable and post-trial motions were ineffective to toll the period allowed for appeal, with the observation that "[w]e find no authority that restricts the application of the Declaratory Judgment Act to cases involving preliminary objections"), *appeal granted,* 568 Pa. 704, 796 A.2d 985 (2002).

The determination in *Lane Enterprises* is also distinguishable, since the appeal did not involve a declaratory judgment; moreover, in that case the trial court issued an opinion but no dispositive order. *See Lane Enterprises v. L.B. Foster Co.,* 700 A.2d 465, 470 (Pa.Super.1997) (observing that "the [trial] court filed an opinion addressing issues which had been submitted to it, albeit prior to issuing a verdict"), *rev'd per curiam,* 551 Pa. 306, 710 A.2d 54 (1998).

promulgating and interpreting its rules according to fundamental principles that are consistently applied, as this alleviates the potential for legitimate confusion among those practicing in the appellate courts and engenders greater respect for the rules.