J-S08032-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ALEXANDER JUBINSKI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOBRINSKI BROTHERS, INC. | : | |
| | : | |
| Appellant | : | No. 763 MDA 2021 |

| | | |
|---|---|---|
| ALEXANDER JUBINSKI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOBRINSKI BROTHERS, INC. | : | No. 847 MDA 2021 |

Appeal from the Order Entered May 18, 2021
In the Court of Common Pleas of Wyoming County Civil Division at
No(s): 2020-0044

BEFORE: BOWES, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.: **FILED APRIL 19, 2022**

Dobrinski Brothers, Inc. (Dobrinski Brothers) appeals, and Alexander Jubinski (Jubinski) cross-appeals,[1] from the order entered in the Wyoming County Court of Common Pleas which: (1) terminated the quarry lease agreement between the parties; (2) granted possession of the premises to

_____

[1] The appeal and cross-appeal were consolidated by this Court *sua sponte* on July 12, 2021. Order, 7/12/21.

Jubinski; (3) directed Dobrinski Brothers to remove all equipment from the property within 20 days; and (4) determined that the processed stone remaining on the premises was the property of Jubinski. On appeal, Dobrinski Brothers argues the court erred in granting possession of the remaining processed stone to Jubinski. Jubinski asserts the trial court erred in failing to award him hold over rent. Because we conclude both parties waived all claims by failing to file post-trial motions, we affirm.

The facts underlying the parties' dispute are aptly summarized by the trial court as follows:

> On January 20, 2016, Plaintiff, [Jubinski], and Defendant [Dobrinksi Brothers,] entered into a Quarry Lease Agreement for property located in Overfield and Falls Townships (hereinafter "the leased land"). The lease was prepared by [Dobrinski Brothers]. Pursuant to the lease, [Dobrinski Brothers] was to pay for the lease through royalties of Thirty- Five Cents for every ton of stone removed and sold from the quarry. During the three (3) years that [it] utilized the quarry, [Dobrinski Brothers] never paid [Jubinski]. The only money received by [Jubinski] was Two Thousand Five Hundred Dollars ($2,500.00) for taxes.

> Prior to doing any extraction at the quarry, [Dobrinski Brothers] had to do reclamation work in order to obtain its permit from [the Department of Environmental Protection (DEP)]. This work included benching things off, putting barriers up, re-grading the roads and other land improvements.

> In or around August of 2019, [Jubinski] sent an amended lease via certified mail to [Dobrinski Brothers] reflecting that [Jubinski] was going to start charging rent of One Thousand Two Hundred Dollars ($1,200.00) after December 31, 2019. Thereafter, [Jubinski] never heard from [Dobrinski Brothers] so [he] determined to terminate the lease. [The parties stipulated that, on September 30, 2019, Dobrinski Brothers received a notice of termination of the lease from Jubinski, effective December 31st.]

[Dobrinski Brothers] has not vacated the premises and to date, a scale, a scale house and a quantity of processed stone remain on the property. The stone that remains on the property was not processed by [Dobrinski Brothers] but rather by the previous tenant.[2] Following the expiration of the lease [on] December 31, 2019, [Dobrinski Brothers] entered the property on or about May 5, 2020 with dump trucks in an attempt to remove the stone. The following day, the police were called to prevent [Dobrinski Brothers] from taking the stone. [Jubinski] has secured a new tenant for the property but said tenant has not occupied the property because of the current litigation and because [Dobrinski Brothers's] scale and scale house have not been removed from the property. There also remains on the property a quantity of number 3 stone and a quantity of 2a modified stone.

Trial Ct. Op. at 1-2 (record citations omitted).

In December of 2019, Jubinski filed an eviction action in the magisterial district court and obtained a judgment of possession. Dobrinski Brothers timely appealed to the Wyoming County Court of Common Pleas. On February 7, 2020, Jubinski filed a complaint seeking eviction of Dobrinski Brothers, possession of the premises, and money damages from Dobrinski Brothers as a holdover tenant. **See** Jubinski's Complaint, 2/7/20, at 3 (unpaginated). Specifically, Jubinski sought the fair rental value of $5,000 per month from January 1, 2020, until possession of the properly was delivered to him. **Id.** Neither the certified record, nor the docket, reflect that Dobrinski Brothers filed an answer to the complaint. As noted above, Dobrinski Brothers

---

[2] More specifically, the parties stipulated that the "raw material for the . . . stone remaining on the leased premises was already unburdened, drilled and blasted prior to the commencement of the lease[, but that Dobrinski Brothers] processed and crushed the raw materials to produce the" remaining stone. Trial Ct. Op., 9/8/21, at 3.

attempted to remove stone from the property in May of 2020, but was unable to do so because Jubinski called the police.

On October 16, 2020, Jubinski filed a motion seeking permission to sell the "crushed stone and other distrained property of" Dobrinski Brothers remaining on the quarry site, "or in the alternative" an order "compelling [Dobrinski Brothers] to make interim rent payments pending [the MDJ] appeal[.]" Jubinski's Motion to Make Interim Sale of [Dobrinski Brothers's] Distrained Property or in the Alternative to Compel Payment of Interim Rent, 10/16/20, at 1. Specifically, Jubinski sought ten months of "hold over rent at $2,000.00 per month for a total of $20,000.00." *Id.* at 4. The trial court issued the parties a rule to show cause why the motion should not be granted and scheduled a hearing for December 21, 2020. Order, 10/29/20.

On December 7, 2020, Dobrinski Brothers filed an answer to Jubinski's motion for interim sale, asserting, *inter alia*, that it attempted to remove its property from the quarry, but Jubinski refused to allow it on the property. ***See*** Dobrinski Brothers' Answer to Jubinski's Motion to Make Interim Sale, 12/7/20, at 1 (unpaginated). The same day, Dobrinski Brothers filed a petition for an immediate temporary restraining order and preliminary injunction, "restraining [Jubinski] from prohibiting access to the quarry . . . for [Dobrinski Brothers] to remove [its] personal property[.]" [Dobrinski Brothers's] Petition for Immediate Temporary Restraining Order and, After Hearing, a Preliminary Injunction, 12/7/20, at 1 (unpaginated). On December 22, 2020, the trial court issued the following order:

- 4 -

[T]he Court finding that there are numerous matters to be litigated and discovery to be completed with respect to the above-captioned matter,

IT IS ORDERED that [a] **hearing** on all matters and all claims shall be heard on March 17, 2021 commencing at 1:00 p.m. . . . VIA ZOOM MEETING.

IT IS FURTHER ORDERED that, pending **hearing**, neither [Jubinski] nor [Dobrinski Brothers] shall engage in any quarrying activities, shall remove any equipment and/or any materials from the quarry[.]

Order, 12/22/20 (some emphasis added and some omitted).

The parties appeared for a settlement and status conference on February 11, 2021. The following day, the trial court entered another order noting that the parties did not reach a settlement agreement, and "that **Trial** as set for March 17, 2021 at 1:00 p.m. via ZOOM shall remain as scheduled." Order, 2/12/21, at 1 (unpaginated) (emphasis added). The court also ordered the parties to contract with Keller Crushing to provide an estimate of the "[s]tripping, drilling, blasting and crushing costs for the crushed stone" still remaining in the quarry, as well as an estimate of the size of the stockpile. *Id.*

The trial court conducted the scheduled proceeding on March 17th. At the outset, the court noted the parties were before the court for a "**hearing**" and that they had provided a "stipulation of facts." N.T., 3/17/21, at 4 (emphasis added). *See* Trial Ct. Op. at 3-4 (listing parties' stipulation of

facts).[3]  Counsel for Jubinski made an opening statement, and then called Jubinski as a witness.  Thereafter, counsel for Dobrinski Brothers made an opening statement, and called Kevin Dobrinski as a witness.  Counsel for both parties gave closing argument before the court recessed.

On May 18, 2021,[4] the trial court entered the following order:

> AND NOW, . . . after full **hearing** in the above-captioned matter,
>
> IT IS ORDERED that,
>
> 1. All lease agreements between [Jubinski] and [Dobrinski Brothers] be and are hereby terminated effective this date.
>
> 2. Possession of the entire premises be and is hereby granted to [Jubinski] effective this date.
>
> 3. [Dobrinski Brothers] shall have 20 days from today's date to remove all mechanical equipment from the premises[ or said] equipment shall be deemed forfeited and [Jubinski] shall be permitted to dispose of the same as he may deem appropriate.

---

[3] Although the Stipulation of Facts is not included in the certified record, it is in Jubinski's reproduced record.  **See** Jubinski's Reproduced Record at 113-15.  Dobrinski Brothers does not dispute the Stipulation of Facts as it appears therein; thus, we may consider the document.  **See** Pa.R.A.P. 1921, Note ("[W]here the accuracy of a pertinent document is undisputed, the [appellate c]ourt could consider that document if it was in the Reproduced Record, even though it was not in the record that had been transmitted to the [c]ourt.").  Moreover, we note that while the trial court lists only 10 stipulations of fact, there were, in fact, 11; the final stipulation was that after termination of the lease, Jubinski sold some of the processed stone for a value of $2,610.  Jubinski's Reproduced Record at 115.

[4] Although the order was entered on May 18th, it was not docketed until May 19, 2021.

4. All processed #3 stone consisting of 1,500 tons and 2A modified stone consisting of approximately 2,000 tons shall remain upon the premises and shall become the property of [Jubinski] in its entirety.

5. With respect to this order all claims between the parties be and are hereby deemed resolved with no further issues remaining open for litigation with respect to the above-captioned matter.

Order, 5/18/21, at 1-2 (unpaginated) (emphasis added).

Neither party filed post-trial motions. Instead, on June 14, 2021, Dobrinski Brothers filed a notice of appeal[5] (Docket 763 MDA 2021), and Jubinski filed a cross-appeal on June 25, 2021 (Docket 847 MDA 2021). Both Dobrinski Brothers and Jubinski complied with the trial court's orders directing each of them to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.[6]

_____

[5] We note Dobrinski Brothers's first notice of appeal improperly listed **Jubinski** as the appellant. Dobrinski Brothers attempted to correct the mistake by filing a purported amended notice of appeal on June 25th. However, on July 2, 2021, this Court entered an order notifying Dobrinski Brothers that its amended notice "merely reclassifies the parties and does not contain the requisite elements of a notice of appeal including, but not limited to, the order appealed from." Order (763 MDA 2021), 7/2/21. Thus, we directed Dobrinski Brothers to file another amended notice of appeal within seven days, which it did.

[6] Upon our review, it appears Jubinski's Rule 1925(b) statement was untimely filed. The trial court entered an order on July 2, 2021, directing Jubinski to file a concise statement within 21 days. *See* Order, 7/2/21. Jubinski's Rule 1925(b) statement is date-stamped July 26th. *See* Jubinski's Concise Statement of Matters Complained of on Appeal Pursuant to Pa.R.A.P. 1925, 7/26/21. However, while the trial court's order appears to indicate that it was served on the parties on July 2nd, there is no corresponding notation on the docket. *See* Pa.R.C.P. 236(b) (mandating "[t]he prothonotary shall note in the docket the giving of the notice" of entry of an order). Although we may

*(Footnote Continued Next Page)*

- 7 -

On July 30, 2021, this Court issued an order at each docket, directing the parties to show cause why the appeals "should not be dismissed for failure to preserve any issues for appellate review" since neither party filed post-trial motions from the trial court's May 18, 2021, order. ***See*** Order (763 MDA 2021), 7/30/21; Order (847 MDA 2021), 7/30/21. The show cause order cited Pa.R.A.P. 227.1(c)(2), which requires a party to file post-trial motions within 10 days "in the case of a nonjury trial" in order to preserve claims for appellate review. ***See id.***

Both parties filed a timely response. Dobrinski Brothers asserted that the March 17th hearing was **not** a non-jury trial, but "simply a hearing on two Motions filed by both parties." Dobrinski Brothers's Response to Pa.R.A.P. 227.1 Order of July 30, 2021, 8/9/21, at 2 (unpaginated). Although the trial court dismissed the entire case *sua sponte*, Dobrinski Brothers noted that the pending motions "did not seek a non-jury trial" and the court's action was similar to a ruling on a motion for summary judgment. ***Id.*** Jubinski filed an equivocal response noting that if Dobrinski Brothers's argument was correct, then Jubinski similarly preserved his issue for appeal. ***See*** Jubinski's Response to Order of July 30, 2021, 8/9/21, at 4. In his brief before this Court, however, Jubinski now maintains that both parties failed to preserve any issues on appeal by neglecting to file the requisite post-trial motions.

_____

remand to determine whether a Rule 1925(b) statement was timely filed or served, ***see*** Pa.R.A.P. 1925(c)(1), due our disposition, we decline to do so in the present case.

- 8 -

Jubinski's Brief (847 MDA 2021) at 15-21. On October 26, 2021, this Court discharged the show cause order, but advised the parties that the issue may be revisited by the merits panel.

Each party raises one issue for our review. In its appeal at Docket 763 MDA 2021, Dobrinski Brothers questions:

> Whether the [t]rial [c]ourt erred in interpreting the contract at issue when the clear language of the contract dictated that the stone in question should be the property of . . . Dobrinski Brothers[?]

Dobrinksi Brothers's Brief (763 MDA 2021) at 4.

In his cross-appeal at Docket 847 MDA 2021, Jubinski raises the following challenge:[7]

> Did the trial court misapply and misapprehend the subject lease agreement and contract law and, ultimately, err in failing to award rent to [Jubinski] and against [Dobrinski Brothers], the [hold over] tenant?

Jubinski's Brief (847 MDA 2021) at 5.

Before we consider the substantive issues raised in this appeal and cross-appeal, we must first determine if the parties preserved their claims for appellate review. Pennsylvania Rule of Civil Procedure 227.1 "requires parties to file post-trial motions in order to preserve issues for appeal." ***L.B. Foster***

_____

[7] As noted above, Jubinski also argues that both he and Dobrinski Brothers waived all claims on appeal by failing to file post-trial motions. Jubinski's Brief (847 MDA 2021) at 5. He presents his claim for hold over rent in the event that this Court does not find waiver. ***Id.*** at 21.

*Co. v. Lane Enterprises, Inc.*, 710 A.2d 55, 55 (Pa. 1998). The Rule provides, in relevant part:

> (c) Post-trial motions **shall be filed** within ten days after
>
> > (1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or
> >
> > (2) notice of nonsuit or **the filing of the decision in the case of a trial without jury**.

Pa.R.C.P. 227.1(c)(1)-(2) (emphases added). Thus, "a party must file post-trial motions at the conclusion of a trial in **any** type of action in order to preserve claims that the party wishes to raise on appeal." *Chalkey v. Roush*, 805 A.2d 491, 496 (Pa. 2002). However, the Rule also explains that post-trial motions may **not** be filed "to orders disposing of preliminary objections, motions for judgment on the pleadings or for summary judgment, motions relating to discovery or other proceedings **which do not constitute a trial**[,]" as well as "matters governed exclusively by petition practice[,]" domestic relation matters, and orders directing partition of property. Pa.R.C.P. 227.1, Note.

Here, neither party filed post-trial motions following the trial court's May 18, 2021, order resolving all remaining claims between the parties. The pertinent question, however, is whether the order constituted "a decision in the case of a trial without a jury." Pa.R.C.P. 227.1(c)(2). In his brief before this Court, Jubinski now concedes that the March 17, 2021, proceeding "bore all the 'hallmarks' of a trial [and] each party . . . should have been cognizant that [Rule] 227.1 applied and mandated [the filing of] post-trial motions[.]"

- 10 -

Jubinski's Brief (847 MDA 2021) at 21. Thus, he asserts that all issues have been waived. *Id.*

Dobrinski Brothers does not address the waiver issue in either brief it filed before this Court. However, in response to the rule to show case, Dobrinski Brothers asserted the March 17th proceeding was a consolidated "hearing" on Jubinski's motion for interim sale and its own petition for a temporary restraining order or preliminary injunction. Dobrinski's Response to Pa.R.A.P. 227.1 Order of July 30, 2021 at 2. It insisted the hearing was "not a non-jury trial," although the court "sua sponte issued a full resolution of the case based on the [m]otions similar to a [m]otion for [s]ummary [j]udgment." *Id.*

We recognize that the nature of the March 17th proceeding is somewhat muddled by the record. Indeed, at various times, the trial court referred to the proceeding as both a hearing and a trial. *See* Order, 12/22/20 (scheduling "hearing on all matters" for March 17, 2021); Order, 2/12/21, at 1 (directing that "Trial as set for March 17, 2021 . . . shall remain as scheduled"); N.T., 3/17/21, at 4 (stating the parties were before the court for a "hearing"); Order, 5/19/21, at 1 (entering decision "after full hearing"); Trial Ct. Op. at 2 (stating court entered order on appeal "following a bench trial"). In determining whether an action falls under the scope of Rule 227.1, "Pennsylvania courts look to the substance of the action, rather than the form of a petitioner's initial pleading[.]" *G & G Invs., LLC v. Phillips Simmons Real Est. Holdings, LLC*, 183 A.3d 472, 477 (Pa. Super. 2018).

- 11 -

> To determine whether an appellant must file post-trial motions following an in-court proceeding, we consider whether, under the circumstances of the action: (i) the plain language of Rule 227.1 makes clear a post-trial motion is necessary; (ii) case law provides a post-trial motion is necessary, even if Rule 227.1 is silent on the subject; and (iii) practicing attorneys would reasonably expect a post-trial motion to be necessary. Case law requires a post-trial motion following a proceeding, where the court heard new testimony and received new evidence, which the court relied upon when it issued its decision.

*Id.* (citations omitted).

This Court's decision in *G & G* is instructive. In that case, the appellant filed a petition for appointment of a conservator pursuant to the Abandoned and Blighted Property Conservatorship Act (Act 135). *G & G*, 183 A.3d at 473, *citing* 68 P.S. § 1101 *et seq*. The trial court subsequently scheduled a hearing on the petition, following which the appellant petitioned for authorization to inspect the interior of the property at issue. *Id.* at 474. Following the hearing, during which both parties "gave opening statements and presented testimony and other evidence," the court issued an order denying appellant's petition. *Id.* at 474-75. The appellant did not file post-trial motions, but instead filed a timely notice of appeal. *Id.* at 475.

This Court, *sua sponte*, considered whether the appellant had preserved its issues on appeal despite the fact it had failed to file post-trial motions. *G & G*, 183 A.3d at 476. In concluding that post-trial motions were required, and the appellant's failure to preserve any issues waived all claims for appellate review, this Court opined:

> Instantly, [the a]ppellant initiated this case by filing a petition for appointment of a conservator pursuant to Act 135.

> The trial court conducted a hearing on [the] petition, during which the parties offered exhibits into evidence and collectively examined and cross-examined five witnesses. The parties introduced evidence and elicited witness testimony for the first time at the hearing. Although Rule 227.1 is silent concerning post-trial motions following an Act 135 hearing, the record establishes the court relied upon the . . . hearing testimony and documentary evidence when it denied [the a]ppellant relief. Therefore, case law makes clear, and practicing attorneys would reasonably expect, post-trial motions were necessary following the . . . hearing. Thus, the hearing on [the a]ppellant's petition constituted a trial for purposes of Rule 227.1. After the court denied [the a]ppellant's petition, however, [the a]ppellant filed a timely notice of appeal but failed to file any post-trial motion. Accordingly, [the a]ppellant waived its issues on appeal.

*Id.* at 477-78 (citations omitted).

Upon our review of the record and the relevant case law, we conclude that here, as in *G & G*, the trial court conducted a non-jury trial on March 17, 2021, despite referring to the matter (on various occasions) as a hearing. During the March 17th proceeding, both parties made opening and closing arguments to the court and each presented a witness who was cross-examined by the opposing party. Moreover, the parties presented a Stipulation of Facts to the court, which it referred to in its opinion. In addition, Jubinski moved several exhibits into evidence, including the court-ordered evaluation by Keller Crushing. *See* N.T., 3/17/21, at 4, 38. Although Dobrinski Brothers insists the court's ruling pertained to the parties competing motions – Jubinski's motion to make interim sale and its own motion for preliminary injunction — the testimony at the hearing, as well as the court's May 18th order, make clear that hearing was, in fact, a non-jury trial that disposed of all outstanding claims. Indeed, the trial court did not even refer

- 13 -

to the outstanding motions in the order on appeal; rather, the court directed that possession of the property, including the processed stone therein, be returned to Jubinski, and that Dobrinski Brothers remove all its machinery within 20 days. *See* Order, 5/18/21, at 1-2. Further, the court explicitly stated that "all claims between the parties . . . are hereby deemed resolved[.]" *Id.* at 2. Thus, both parties should have been on notice that they were required to file post-trial motions to preserve issues for appellate review, and their failure to do so renders the issues raised in this appeal and cross-appeal waived. *See G & G*, 183 A.3d at 477-78.

Accordingly, because neither party preserved any issues for appellate review, we affirm the trial court's May 19, 2021, order.[8]

_____

[8] We note that, even if the parties had preserved their claims, neither would be entitled to relief. With regard to Dobrinski Brothers's claim of entitlement to the processed stone remaining in the quarry, we conclude the trial court properly directed "the stone to remain on the property." Trial Ct. Op. at 5. Paragraph 11 of the parties' lease agreement provides that, within 180 days of the end of the lease term, Dobrinski Brothers "shall complete any remaining required reclamation on the Leased Land and remove equipment, machinery, facilities, and other property at any time placed by it on the Leased Land[.]" Jubinski's Complaint, Exhibit A, Quarry Lease Agreement, 1/20/16, at 5. As the trial court found, "the [remaining] processed stone was derived from raw materials already present on the lease premises prior to the beginning" of the lease term. Trial Ct. Op. at 5. Thus, the processed stone did not fit into any of the categories of items that Dobrinski Brothers could remove following termination of the lease under Paragraph 11. Indeed, we note that Dobrinski Brothers was notified in September of 2020 that Jubinski intended to terminate the lease on December 31st, and could have removed the processed stone at any time before that date.

With respect to Jubinski's claim for hold over rent, we agree with the trial court's finding that Jubinski refused to permit Dobrinski Brothers to

*(Footnote Continued Next Page)*

- 14 -

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/19/2022

---

remove its equipment within the 180-day period provided for in Paragraph 11 of the lease. Thus, he is not entitled to hold over rent.