J-S60027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DAVID A. VOSBURG, STUART A. VOSBURG, RICHARD K. VOSBURG, JILL L. VOSBURG, MARK S. VOSBURG, MATTHEW W. VOSBURG, MARSHALL W. VOSBURG, AND KATHERINE M. VOSBURG | : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : | |
| | : : | No. 752 MDA 2018 |
| v. | : : : : | |
| ESTATE OF JACOB BREYMEIER | : : | |

Appeal from the Order Entered April 6, 2018
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
13126-2006

BEFORE:    SHOGAN, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED MARCH 18, 2019**

Appellant Richard K. Vosburg, acting *pro se* as a purported representative of Appellants David A. Vosburg, Stuart A. Vosburg, Jill L. Vosburg, Mark S. Vosburg, Matthew W. Vosburg, Marshall W. Vosburg, and Katherine M. Vosburg, appeals from the order entered April 6, 2018, which granted post-trial motions filed by Appellee Edward Slaska as representative of the Estate of Jacob Breymeier and amended the judgment entered on November 2, 2017.  Appellant asserts that the trial court violated his right to

_____

[*] Retired Senior Judge assigned to the Superior Court.

a fair trial. For the reasons that follow, we conclude that Appellant has waived all issues for appeal, and we affirm.

As the parties are well aware of the history to this matter, we briefly recite the following relevant background. Two groups, the "Albert M. Vosburg, Jr. heirs"[1] and the "Stuart W. Vosburg heirs,"[2] owned a portion of property (the property) in Luzerne County. In 2006, the two groups began to pursue a quiet title action regarding the property. The trial court entered a default judgment to quiet title in 2007. In 2016, Appellee filed a petition to strike the order to quiet title, asserting that he owned half of the property and had not been notified of the quiet title action prior to the default judgment being entered.

The trial court issued an order on March 16, 2016, striking the default judgment to quiet title. On March 31, 2016, Appellee filed an answer with new matter. Appellee asserted that the Stuart W. Vosburg heirs had initiated the quiet title action without performing a diligent search of the chain of title, which would have shown that Appellee owned half of the property through the Estate of Jacob Breymeier. Appellee additionally sought attorney's fees.

---

[1] This group of heirs includes Albert M. Vosburg, III and Dawn Vosburg Anderson.

[2] This group of heirs includes Appellant, Stuart A. Vosburg, David A. Vosburg, Jill L. Vosburg, Mark S. Vosburg, Matthew W. Vosburg, Marshall W. Vosburg, and Katherine M. Vosburg. The Stuart W. Vosburg heirs were initially represented by counsel, who filed a petition to withdraw after being dismissed as counsel in July 2016. The trial court granted the withdrawal petition on August 22, 2016.

Appellee also filed a discontinuance in the action, but before the trial court ruled on it, he filed a petition to strike the discontinuance so he could file an amended answer with new matter including a counterclaim.

The trial court granted the petition to strike the discontinuance and permitted Appellee to file an amended answer. Appellee filed an amended answer, including new matter with a counterclaim, in which he alleged that he was owed a portion of monies received from timbering the property. On March 30, 2017, the Albert M. Vosburg, Jr. heirs filed a cross-claim against the Stuart W. Vosburg heirs regarding allegedly withheld timbering money. The court dismissed the Albert M. Vosburg, Jr. heirs' cross-claim on September 8, 2017.

A non-jury trial took place on September 11, 2017. Testimony established that the Stuart W. Vosburg heirs knew that Appellee had an interest in the subject property through the Estate of Jacob Breymeier. The testimony also showed that the Stuart W. Vosburg heirs failed to conduct a diligent search of the chain of title of the property and instituted the quiet title action to extinguish Appellee's rights to half of the property.

The trial court found that Appellee owned half of the property, the Stuart W. Vosburg heirs owned one-quarter of the property, and the Albert M. Vosburg, Jr. heirs owned one-quarter of the property. The court also found that the Stuart W. Vosburg heirs did not disburse any of the $38,000.00 received from timbering activities to the other owners. On November 2, 2017, the court entered a judgment in favor of Appellee of $19,125.00, plus interest, for timbering monies and $10,404.00 for attorney fees. The court also entered

a judgment in favor of the Albert M. Vosburg, Jr. heirs of $9,500.00, plus costs, for timbering monies.

On November 9, 2017, Appellee filed timely post-trial motions seeking additional interest and legal, expert, and title search fees. On November 29, 2017, Appellant, on behalf of the Stuart W. Vosburg heirs, filed a *pro se* notice of appeal with this Court. This Court quashed the appeal on March 8, 2018. The trial court held a hearing on Appellee's post-trial motions on April 4, 2018. The court entered an order on April 5, 2018, which amended the November 2, 2017 judgment in favor of Appellee and increased it by $10,676.90.

Appellant filed a second *pro se* notice of appeal with this Court on May 4, 2018. Appellant filed a timely court-ordered Pa.R.A.P. 1925(b) statement on May 29, 2018. The trial court complied with Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following issues for our review:

1. What has the [trial] court done with Appellant's 145 pages of prepared material evidence in this case that the court specifically directed, during trial, the Appellant to produce within thirty (30) days from the date of trial?

2. Why did the trial court direct the Appellant to submit his evidence in written fashion, after trial, instead of granting Appellant . . . his request, at trial, to present this evidence through questioning of the two (2) attorneys accused of fraud and collusion by Appellant?

3. As only the [trial] court can answer these questions that have been properly raised in procedurally filed Statement of Errors, why has the court not done so? And why, ten (10) months after trial, with these serious questions remaining unanswered, are the 145 pages of evidence produced by Appellant . . . still buried by the [trial] court outside the official file of the Clerk of Courts?

Appellant's Brief at 2-3.

Before we analyze Appellant's issues, we must consider whether Appellant preserved them for appeal. Under Pa.R.C.P. 227.1(c),

> [p]ost-trial motions **shall** be filed within ten days after . . . the filing of the decision in the case of a trial without jury. If a party has filed a timely post-trial motion, any other party may file a post-trial motion within ten days after the filing of the first post-trial motion.

Pa.R.C.P. 227.1(c) (emphasis added). Further,

> [u]nder Rule 227.1, a party must file post-trial motions at the conclusion of a trial in **any** type of action in order to preserve claims that the party wishes to raise on appeal. In other words, a trial court's order at the conclusion of a trial, whether the action is one at law or in equity, simply cannot become final for purposes of filing an appeal until the court decides any timely post-trial motions. *See* Pa.R.C.P. 227.1(a).

*Chalkey v. Roush*, 805 A.2d 491, 496 (Pa. 2002) (emphasis in original). "Grounds not specified by a party in post-trial motions pursuant to Rule 227.1 shall be deemed waived on appellate review." *Id.* at 494 (citations omitted).

Here, Appellee filed timely post-trial motions on November 9, 2017. Under Rule 227.1(c), Appellant would have had until ten days after Appellee filed post-trial motions to file his own timely post-trial motions. *See* Pa.R.C.P. 227.1(c). However, Appellant filed no post-trial motions. Accordingly, all of Appellant's issues raised on appeal have been waived. *See Chalkey*, 805 A.2d at 494.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/18/2019