J-A04010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THOMAS J. CONWAY IV | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WELLS FARGO BANK N.A., A.K.A | : | No. 610 EDA 2021 |
| WELLS FARGO HOME MORTGAGE | : | |

Appeal from the Judgment Entered March 12, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 181202442

BEFORE:  LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

JUDGMENT ORDER BY LAZARUS, J.:                    **FILED APRIL 26, 2022**

Thomas J. Conway, IV, appeals, *pro se*, from the judgment, entered in the Court of Common Pleas of Philadelphia County, in favor of appellee, Wells Fargo Bank N.A., a.k.a. Wells Fargo Home Mortgage ("Wells Fargo"), in an action commenced by Conway asserting violations of various state and federal laws in connection with the reinstatement by Wells Fargo of Conway's loans following the initiation of foreclosure proceedings.  Because Conway has waived all of his appellate claims, we affirm.

It is well-settled that the failure to raise an issue in a post-trial motion waives appellate review of the claim.  ***Chalkey v. Roush***, 805 A.2d 491, 494 (Pa. 2002); ***Bensinger v. Univ. of Pittsburgh Med. Ctr.***, 98 A.3d 672, 682 (Pa. Super. 2014); ***see also*** Pa.R.C.P. 227.1(b)(2); Pa.R.A.P. 302(a).  Here,

none of the claims Conway raises in his Statement of the Questions Presented[1] was included in his post-trial motion.[2]  Accordingly, Conway has waived all of his claims on appeal.  ***See id.***

_____

[1] Conway raises the following claims on appeal:

> 1.  Does a residential mortgage lender, servicer[,] or creditor have a legal right to contract for and request reimbursement for legal fees in the amount of $820.00 as a condition for a borrower to reinstate his loan prior to the lender, servicer[,] or creditor filing a complaint of mortgage foreclosure against him?

> 2.  Does a residential mortgage lender, servicer[,] or creditor have a legal right to charge pending, estimated, unbilled, unearned[,] or otherwise not incurred legal fees as a condition for a borrower to reinstate his loan?

> 3.  Is a mortgage lender, servicer[,] or creditor permitted to provide a borrower with a mortgage reinstatement quote that does not itemize the differences between foreclosure and legal costs actually incurred and foreclosure and legal costs which are estimated?

> 4.   Is a mortgage lender, servicer[,] or creditor permitted to request payment from a borrower for estimated attorney trial fees which are estimated to occur after the borrower's requested reinstatement date as a condition of reinstatement?

> 5.  Should these requests by a lender, servicer[,] or creditor for a borrower to pay unreasonable, excessive, estimated[,] or not incurred legal fees in foreclosure costs be determined a violation of law, does the lender then retain the legal right to furnish negative information to credit reporting agencies during the months from the violation through today?

> 6.   Is a lender, servicer[,] or creditor permitted to delay in reinstating a borrower's mortgage for a period of six months after receipt of the borrower's reinstatement payment?

*(Footnote Continued Next Page)*

_____

7. Do the above actions constitute *prima facie* evidence of willful or negligent behavior?

Brief of Appellant, at 1-2 (unnecessary capitalization omitted).

[2] Conway raised the following claims in his post-trial motion:

1. Did the court abuse its discretion by abbreviating the trial?

2. Did the court abuse its discretion by failing to rule on all pre-trial motions prior to trial?

3. Did the court err as a matter of law when it sustained [Wells Fargo's] objection during [Conway's] opening statement disallowing [Conway] to enter into evidence Wells Fargo's publicly provided financial statements which includes admissions of prior mortgage servicing failures against other borrowers yet permitted [Wells Fargo] to bring forth exhibits alleging prior bad acts by [Conway]?

4. Did the court err as a matter of law by allowing [Wells Fargo] to submit evidence of private communications protected under Pa.R.Civ.P. 408?

5. Did the court abuse its discretion by disallowing [Conway's] cross examination of [Wells Fargo's] corporate representative to the specific details of [Conway's] mortgage activity and transactions from 2013 through 2018?

6. Did the court err as a matter of law by not ruling on [Wells Fargo's] motion for directed verdict prior to its final order in favor of [Wells Fargo]?

7. Did the court err as a matter of law when it entered a verdict in favor of [Wells Fargo] on Count 2, Willful Violations of the Fair Credit Reporting Act ("FCRA")[;] Count 3, Negligent Violations of the Fair Credit Reporting Act[;] Count 5, Violations of the Pennsylvania Unfair Trade Practices and Collections Law and Consumer Protection Law[;] Count 6, Violations of the Pennsylvania Fair Credit Extension Act[;] Count 7, Violations of the Real Estate Settlement Procedures Act[;] Count 8, Breach of Contract[; and] Count 9, Violations of the Pennsylvania Loan

*(Footnote Continued Next Page)*

- 3 -

Order affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/26/2022</u>

---

Interest and Protection Law in light of the fact that [Conway's] evidence met its burden of proof on those counts?

Post-Trial Motion, 2/21/21, at 2-3 (unnecessary capitalization omitted).