J-A25001-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JASMINE HAWKINS AND CAM'REE HAWKINS | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEPHANIE HAWKINS | : | |
| | : | No. 3181 EDA 2024 |
| Appellant | : | |

Appeal from the Judgment Entered January 13, 2025
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  230802128

BEFORE:   LAZARUS, P.J., BOWES, J., and FORD ELLIOTT, P.J.E.[*]

JUDGMENT ORDER BY LAZARUS, P.J.:                    **FILED OCTOBER 15, 2025**

Stephanie Hawkins ("Stephanie") appeals from the judgment, entered in the Court of Common Pleas of Philadelphia County, ordering her to turn over to Appellees, Jasmine Hawkins ("Jasmine") and Cam'ree Hawkins ("Cam'ree") (collectively, "Appellees"), the sum of $216,000.00, representing 80% of the proceeds of an insurance policy on the life of Steven Hawkins, Deceased.  We quash.

Due to our disposition, a detailed recitation of the facts and procedural history of this case is unnecessary.  In brief, Appellees, who are the children of the Decedent, sued Stephanie, who is Decedent's sister and Appellees' aunt, to recover a portion of Decedent's life insurance proceeds, which they asserted

_____

[*] Retired Senior Judge assigned to the Superior Court.

Stephanie had agreed to hold in trust for them.[1]  Following an October 7, 2024, nonjury trial before the Honorable Kenneth J. Powell, Jr., at which Stephanie proceeded pro se, the court directed the parties to submit proposed findings of fact and conclusions of law by November 4, 2024.  On October 18, 2024, Joseph P. Capone, Esquire, entered his appearance on Stephanie's behalf.  Neither party complied with the trial court's directive to file proposed findings of fact and conclusions of law.

On November 6, 2024, Judge Powell entered a verdict in favor of Appellees.  The following day, Attorney Capone hand-delivered to the court, but did not file of record, untimely proposed findings of fact and conclusions of law, as well as an "informal request" that the court vacate its November 6, 2024 decision, which the court denied by order dated November 8, 2024.  **See** Trial Court Opinion, 3/21/25, at 3.  Stephanie did not file post-trial motions. On November 26, 2024, Stephanie filed a notice of appeal to this Court.[2]

---

[1] Jasmine had recently graduated from college and Decedent "did not want additional money to be sent directly to her out of fear she would not manage it responsibly."  Complaint, 8/18/23, at ¶ 9(b).  Cam'ree was a minor at the time Decedent executed his beneficiary designation and did not trust his ex-wife, Cam'ree's mother, to distribute or use the funds for Cam'ree's benefit. **Id.** at ¶¶ 9(c), (d).

[2] Stephanie purported to appeal from the trial court's November 8, 2024 order denying her informal request to vacate the November 6, 2024 decision for Appellees.  On December 30, 2024, this Court issued a rule to show cause directing Stephanie to praecipe the trial court to enter judgment on its November 6, 2024 decision within 14 days.  **See Prime Medica Associates v. Valley Forge Ins. Co.**, 970 A.2d 1149, 1154 n.6 (Pa. Super. 2009) (appeal properly lies from final judgment).  Stephanie did so on January 13, 2025; as
*(Footnote Continued Next Page)*

Prior to addressing the merits of Stephanie's appellate claims, we must determine whether she has properly preserved them. "[Pennsylvania Rule of Civil Procedure] 227.1 requires parties to file post-trial motions in order to preserve issues for appeal. If an issue has not been raised in a post-trial motion, it is waived for appeal purposes." ***Matthew 2535 Properties, LLC v. Denithorne***, 313 A.3d 223, 232 (Pa. Super. 2024). This requirement applies to actions at law and in equity. ***Chalkey v. Roush***, 805 A.2d 491, 492 (Pa. 2002).

Here, Stephanie did not file a post-trial motion as required by Rule 227.1. Accordingly, she has waived all of her claims on appeal. ***Matthew 2535 Properties, LLC***, ***supra***.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/15/2025

_____

such, this appeal is properly before us. ***See id.*** (final judgment entered during pendency of appeal sufficient to perfect appellate jurisdiction).