# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Waterloo Associates, LLC, General   :
Partner of Waterloo Complex, LP, a   :
Pennsylvania Limited Partnership,   :
                       Appellant   :
  :
            v.   :   No. 900 C.D. 2022
  :   Submitted: November 6, 2023
Easttown Township   :

BEFORE:     **HONORABLE RENÉE COHN JUBELIRER,** President Judge
                **HONORABLE STACY WALLACE,** Judge
                **HONORABLE BONNIE BRIGANCE LEADBETTER,** Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER       **FILED: January 2, 2024**

Waterloo Associates, LLC (Waterloo) appeals from an Order and Memorandum of the Court of Common Pleas of Chester County (trial court) finding in favor of Easttown Township (Township) in Waterloo's action in mandamus. After review, we are constrained to dismiss the appeal as Waterloo did not file post-trial motions and, therefore, did not preserve its issues on appeal to this Court.

Waterloo owns property currently known as 709 Berwyn Avenue (the Property). The Property's deed indicates that there are two lots. Waterloo wishes to have separate addresses for each lot "to build side-by-side duplexes." (Order & Memorandum (Memo.) at 3.) "The [l]ots for the past century or more have been used as a single building on one of the lots and a parking lot adjacent in the other lot servicing, at least in part, the building." (*Id.*) Waterloo applied for a second address and the Township denied the application, advising Waterloo that it must apply for a subdivision. (*Id.*) Waterloo filed the mandamus action in question seeking to have

its address granted without proceeding through the subdivision process based upon Section 285-4 of the Easttown Township Code[1]. The trial court held a bench trial on March 28, 2022, and afterwards issued an order on March 29, 2022, directing the parties to file revised proposed findings of facts and conclusions of law. On April 18, 2022, the trial court issued its Order and Memorandum finding for the Township. The trial court first analyzed whether Waterloo exhausted its remedies before bringing the mandamus action:

> [Section 909.1(a)(3) of t]he [Pennsylvania] Municipalities Planning Code (MPC)[2] provides that zoning hearing boards have "**exclusive jurisdiction** to hear and render adjudications" in matters including "[a]ppeals from that determination of the zoning officer, including, but not limited to, the granting or denial of any permit, or failure to act on the application therefor. . . ." 53 P.S. § 10909.1(a)(3) (emphasis added). Additionally, following any such appeal to the zoning hearing board, the MPC provides that "all appeals from all land use" decisions shall be taken to the trial court and "shall be filed within 30 days after the entry of the decision." [Section 1002-A of the MPC,] 53 P.S. § 11002-A.[3] . . . .

> Waterloo received a denial of an application.[4] The MPC in 53 P.S. § 10909.1(a)(3) is clear that the remedy is to file an appeal to the zoning hearing board. Moreover, the [T]ownship [C]ode states: "The Zoning Hearing Board shall hear and decide applications in accordance with and pursuant to the [MPC] and shall have all powers set forth therein, including but not limited to the following: . . . (3) appeals from determinations of the Zoning Officer, including but not limited to the granting or denial of any permit or failure to act on the application therefore. . . ." Easttown Township Code [§] 455-110(a)(2).

---

[1] EASTTOWN TOWNSHIP CODE, *as amended* (2014).

[2] Act of July 31, 1968, P.L. 805, *as amended*. Section 909.1 was added by Section 87 of the Act of December 21, 1988, P.L. 1329.

[3] Section 1002-A was added by Section 101 of the Act of December 21, 1988, P.L. 1329.

[4] Although the trial court stated here that Waterloo's application was denied, earlier in its Order and Memorandum, it stated the application was either denied by the Township or withdrawn by Waterloo. (Order & Memo. at 4.)

(Order & Memo. at 7-8.) Because Waterloo did not appeal to the zoning hearing board, the trial court concluded that Waterloo did not exhaust its administrative remedies. (*Id*.) Notwithstanding this conclusion, the trial court continued to analyze the elements of mandamus, starting with establishing a clear right to relief.

> To the extent that an argument is made that Easttown Township Code § 285-4(A) applies to the [] [P]roperty — "[s]treet address identification number(s) shall be assigned to each lot or parcel of land upon which is constructed or located one or more principal buildings" — such argument is inapplicable as only one of the [l]ots has a principal building and it has an assigned street address — 709 Berwyn Ave., Berwyn, PA. Accordingly, there is no mandate for the zoning officer to assign a street address with this fact set. . . .
>
> . . . .
>
> [The Township] suggests that subdivision is the proper path for Waterloo to pursue to receive a new address pursuant to Section 285-4(B). Waterloo contends that it need not pursue a subdivision due to the fact that the [l]ots were historically deeded separately and described separately in the 2005 Deed (and prior deeds). [The Township] counters that no separate lot or parcel has been created or is shown by the [l]ot [o]ne and [l]ot [t]wo descriptions as the Subdivision and Land Development Ordinance (SALDO) for the [T]ownship defines a "lot" as established by a plat — and a "plat" as a map or plan of a subdivision or land development. SALDO, § 400-6. The 2005 Deed and its predecessors do not contain a legal description referencing a survey or approved plan creating or identify lots for the [l]ots (nor was it created as a result of a subdivision or land development plan approval).

(Order & Memo. at 9-10.) While the parties argued this matter was controlled by caselaw, the trial court found those cases did not show that Waterloo was legally entitled to a street address. (*Id*. at 12.) Rather, the trial court found that "the more applicable section of the [Easttown] Township Code for a street address assignment given the lack of a subdivision may be Section 285-5. . . . [It] specifically provides for discretion of the zoning officer in assigning a new number in determining if just

3

cause exists." (*Id*. at 12-13.) Since the zoning officer here denied Waterloo a second street address in his discretion, the trial court concluded that Waterloo did not show it was entitled to mandamus relief. (*Id*. at 13.) On May 26, 2022, Waterloo filed a notice of appeal.[5]

On appeal to this Court, Waterloo argues two points of error. First, Waterloo contends the trial court erred in finding that Waterloo failed to exhaust all administrative remedies. (Waterloo's Brief (Br.) at 9-11.) Second, Waterloo argues the trial court erred in its reading of Section 285-4(B) of the Easttown Township Code. Specifically, Waterloo contends that the trial court erred in its reading of the definition of a "plat." (Waterloo's Br. at 11.) Waterloo also cites *Springfield Township v. Halderman*, 840 A.2d 528 (Pa. Cmwlth. 2004), in support of its argument that it is legally entitled to an address for the second lot of the Property. (*Id*. at 14.)

Preliminarily, however, we must address whether Waterloo preserved any issues on appeal to this Court as Waterloo did not file post-trial motions pursuant to Rule 227.1 of the Pennsylvania Rules of Civil Procedure, Pa.R.Civ.P. 227.1,[6] following the trial court's Order and Memorandum. Waterloo asks that it "be excused" for not filing post-trial motions and alternatively argues that the trial court's order on March 29, 2022, directing the parties to file proposed findings of fact and conclusions of law, "could be interpreted as having fulfilled the goal of Rule 227.1." (Waterloo's Br. at 2.) Waterloo explains that if this Court were to find that Waterloo was required to file post-trial motions, the trial court's request for revised

---

[5] The matter was initially appealed to the Superior Court, which transferred the appeal to this Court by order dated July 18, 2022.

[6] This Court issued an order on September 21, 2022, directing the parties to address in their briefs on the merits whether Waterloo preserved any issues for appeal as the record indicated that Waterloo did not file post-trial motions.

4

proposed findings of fact and conclusions of law would be rendered "pointless as everything known to [Waterloo] was [as] well articulated as possible to that [c]ourt in pre-trial filings, the trial itself[,] and the post-trial writing that the [trial c]ourt [o]rdered." (*Id.* at 3.) Essentially, Waterloo argues that its proposed findings of facts and conclusions of law should be considered equivalent to a post-trial motion. (*Id.* at 4.) The Township responds that "[c]ase law on this point is clear that issues not raised in post-trial motions are waived for appeal." (Township's Br. at 20.) In addition, the Township contends "the [t]rial [c]ourt's judg[]ment was not 'final' as Waterloo claims because there was no verdict as of March 29, 2022." (*Id.* at 22.)

Rule 227.1(c)(2) provides that "[p]ost-trial motions shall be filed within ten days after. . . the filing of the decision in the case of a trial without jury." Pa.R.Civ.P. 227.1(c)(2). "If an issue has not been raised in a post-trial motion, it is waived for appeal purposes." *L.B. Foster Co. v. Lane Enters., Inc.*, 710 A.2d 55, 55 (Pa. 1998). Further, "[t]he purpose for Rule 227.1 is to provide the trial court with an opportunity to correct errors in its ruling and avert the need for appellate review." *Goshen Valley III Condo. Ass'n v. Messick*, 299 A.3d 1064, 1067 (Pa. Cmwlth. 2023) (citing *Chalkey v. Roush*, 805 A.2d 491, 494 n.9 (Pa. 2002)). "[A] trial court's order at the conclusion of trial . . . simply cannot become final for purposes of filing an appeal until the court decides any post-trial motions." *Goshen Valley*, 299 A.3d at 1068.

This proceeding was a non-jury trial before the trial court in a mandamus action and, thus, falls into the gambit of Rule 227.1. *See Gaughen LLC v. Borough Council of Borough of Mechanicsburg*, 128 A.3d 355, 361 n.2 (Pa. Cmwlth. 2015) ("Although post-trial motions are not required in appeals from the final adjudications or determination of local agencies, post-trial motions are required in mandamus actions.") (citations omitted); *see also Chalkey*, 805 A.2d at 497 (holding that post-

trial motions must be filed from actions in law and in equity).  Waterloo argues that its proposed findings of fact and conclusions of law satisfy the purpose of Rule 227.1; however, the purpose is to give the trial court a chance "to correct errors **in its ruling**" in order to avoid an appeal.  *Goshen Valley*, 299 A.3d at 1067 (emphasis added).  This purpose was not effectuated by Waterloo's filing of **proposed** findings of fact and conclusions of law because the March 29, 2022 order was simply not a **ruling**.  Waterloo did not know what the trial court's ruling was going to be at the time of the March 29, 2022 order, and, therefore, it could not have addressed the trial court's potential errors.  The trial court's ruling was in its April 18, 2022 Order and Memorandum, and Waterloo should have filed post-trial motions within 10 days.  Pa.R.Civ.P. 227.1.  At that time, Waterloo had the ruling and reasoning of the trial court, from which Waterloo could address any errors that it believed the trial court made.  The trial court would have had an opportunity to correct any of those errors and make a final ruling based on Waterloo's post-trial motions, which would have then been appealable to this Court.  Without filing post-trial motions, the trial court's April 18, 2022 Order and Memorandum cannot be considered a final ruling appealable to this Court.  *Goshen Valley*, 299 A.3d at 1068.

In conclusion, this mandamus action proceeded as a non-jury trial and the trial court's April 18, 2022 Order and Memorandum was the decision upon which Waterloo was required to file post-trial motions to preserve its issues before this Court.  As Waterloo did not comply with Rule 227.1, we are constrained to dismiss its appeal.

_____
**RENÉE COHN JUBELIRER,** President Judge

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Waterloo Associates, LLC, General : 
Partner of Waterloo Complex, LP, a : 
Pennsylvania Limited Partnership, : 
                    Appellant : 
                       : 
          v. : No. 900 C.D. 2022
                       : 
Easttown Township : 

## O R D E R

**NOW**, January 2, 2024, the appeal of Waterloo Associates, LLC, General Partner of Waterloo Complex, LP, a Pennsylvania Limited Partnership, is **DISMISSED**.

_____
**RENÉE COHN JUBELIRER,** President Judge