# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Susquehanna County Commissioners,     :
                                   : No. 833 C.D. 2015
                 Appellant    : Submitted: March 7, 2016
                                     :
                v.                    :
                                     :
Montrose Bible Conference           :

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE JAMES GARDNER COLINS, Senior Judge
                 HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION BY SENIOR JUDGE FRIEDMAN             FILED: April 21, 2016

The Susquehanna County Commissioners (County) appeal from the May 11, 2015, order of the Court of Common Pleas of Susquehanna County (trial court) in which the trial court determined that Montrose Bible Conference (MBC) was not subject to the County's amended hotel room rental tax (hotel tax) under Ordinance No. 2008-01 (Ordinance).[1] We affirm.

MBC is a religious organization that operates Christian retreats on its property. MBC holds a variety of events throughout the year, including bible conferences, youth and teen camps, religious concerts, and couples' retreats. Some of these programs are multi-day events for which attendees may stay in overnight accommodations on MBC's premises.

---

[1] The Ordinance was first enacted on December 26, 2001.

On July 8, 2010, the County filed a complaint against MBC in the trial court, alleging that MBC failed to collect and pay the County the hotel tax, which is a three percent county tax on hotel room rentals. On February 3, 2011, MBC filed an answer, claiming that it was not subject to the hotel tax. On May 9, 2011, MBC filed a motion for summary judgment, averring that it was not a "hotel" as defined in section 3 of the Ordinance.[2] The trial court denied MBC's motion, finding that genuine issues of material fact existed.

On April 1, 2015, the trial court held a non-jury trial. At the conclusion of the trial, the trial court ordered each party to submit proposed findings of fact and conclusions of law. On May 11, 2015, the trial court entered a final order in favor of MBC. The County did not file post-trial motions. On May 19, 2015, the County appealed to this court. On July 24, 2015, the trial court filed a Pa. R.A.P. 1925(a) opinion in support of its May 11, 2015, order.

In its Pa. R.A.P. 1925(a) opinion, the trial court found that only MBC program attendees are permitted to use MBC's overnight accommodations. The cost of the accommodations is factored into the attendees' registration fee. The trial court also found that program attendees used the overnight accommodations for private reflection and meditation between breaks in the programming. Under these circumstances, the

_____

[2] Section 3 of the Ordinance defines a hotel, in relevant part, as:

[A] hotel . . . or other structure which hold[s] itself out by any means . . . as being available to provide overnight lodging or use of facility space for consideration to persons seeking temporary accommodation; any place which advertises to the public at large or any segment thereof that will provide beds, sanitary facilities or other space for a temporary period to members of the public at large; any place recognized as a hostelry.

trial court determined that the overnight accommodations did not fall under the Ordinance's definition of a "hotel" and that their primary purpose was religious in nature. Therefore, the trial court concluded that MBC is a place of religious worship and exempt from the hotel tax under section 204(a)(1) of The General County Assessment Law (Assessment Law), 72 P.S. §5020-204(a)(1).[3] The trial court also concluded that the County waived its issues on appeal to this court because the County failed to file a post-trial motion pursuant to Pa. R.C.P. No. 227.1(c)(2).

On appeal, the County argues that the trial court erred in holding that MBC is not a "hotel" under the Ordinance and, thus, not subject to the hotel tax. However, the County waived this issue by failing to file a post-trial motion pursuant to Pa. R.C.P. No. 227.1(c)(2).

Pa. R.C.P. No. 227.1(c)(2) (emphasis added) provides that "[p]ost-trial motions *shall* be filed within ten days after . . . the filing of the decision in the case of a trial without jury." A party must raise an issue in a post-trial motion in order to preserve the issue for appellate review. *Chalkey v. Roush*, 805 A.2d 491, 496 (Pa. 2002). The purpose of Pa. R.C.P. No. 227.1 is to avoid the need for appellate review by

---

[3] Act of May 22, 1933, P.L. 853, *as amended*. Section 204(a)(1) of the Assessment Law provides in relevant part:

> (a) The following property shall be exempt from all county, city, borough, town, township, road, poor and school tax, to wit:
>
> > (1) All churches, meeting-houses, or other actual places of regularly stated religious worship, with the ground thereto annexed necessary for the occupancy and enjoyment of the same . . . .

72 P.S. §5020-204(a)(1).

providing the trial court a chance to correct any errors in its ruling. *Id.* at 494 n.9. Raising an issue before and during a trial will not preserve the issue on appeal where the appellant failed to raise the issue in a post-trial motion. *M.C. and E.K. Lees, Inc. v. Capenos*, 119 A.3d 1092, 1101 (Pa. Cmwlth.), *appeal denied*, 128 A.3d 1208 (Pa. 2015). An appellant cannot preserve an issue by raising it in a Pa. R.A.P. 1925(b) statement where the appellant failed to raise the issue in a post-trial motion. *Gibraltar Rock, Inc. v. New Hanover Township*, 118 A.3d 461, 465 (Pa. Cmwlth.), *appeal denied*, 128 A.3d 222 (Pa. 2015).

Here, in order to preserve its issues for appeal, the County was required to file a post-trial motion within 10 days of the trial court's May 11, 2015, order. However, the County never filed a post-trial motion. The County argues that it did not waive its issues because (1) the County raised the issues before and during the trial and (2) the trial court could have ordered the County to file a Pa. R.A.P. 1925(b) statement if the trial court needed to clarify the basis of the County's appeal. However, this court has held that neither of these arguments excuses the requirement at Pa. R.C.P. No. 227.1(c) that a party file a post-trial motion in order to preserve an issue for appellate review. Therefore, the County waived the issue of whether MBC is a hotel under the Ordinance and, thus, subject to the hotel tax.[4]

---

[4] Even if the County had preserved its issue in a post-trial motion, the trial court properly concluded that MBC is not subject to the hotel tax because the County failed to establish that MBC is a "hotel." As previously stated, section 3 of the Ordinance defines a "hotel" as a structure that holds itself out "as being available to provide overnight lodging . . . for consideration to persons seeking temporary accommodations." Here, MBC holds itself out as a religious facility and does not provide lodging to persons merely seeking overnight accommodations. Therefore, MBC is not subject to the hotel tax.

4

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Susquehanna County Commissioners, :
                                       : No. 833 C.D. 2015
                  Appellant     :
                                         :
             v.                  :
                                         :
Montrose Bible Conference          :

## O R D E R

AND NOW, this 21st day of April, 2016, we hereby affirm the May 11, 2015, order of the Court of Common Pleas of Susquehanna County.

_____
ROCHELLE S. FRIEDMAN, Senior Judge