IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania, | : | |
| by Attorney General Josh Shapiro | : | |
| | : | |
| v. | : | |
| | : | |
| Progress Auto Salvage, Inc. and | : | |
| Emeka K. Oguejiofor, | : | No. 1311 C.D. 2022 |
| Appellants | : | Submitted: November 9, 2023 |

BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
HONORABLE ELLEN CEISLER, Judge
HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                    FILED: January 16, 2024


Progress Auto Salvage, Inc. and Emeka K. Oguejiofor (Oguejiofor) (collectively, Progress Auto) appeal from the portion of the December 9, 2022 order[1] of the York County Court of Common Pleas (trial court) permanently enjoining Progress Auto from holding a junkyard or automotive dismantler and recycler license. Upon review, we conclude that Progress Auto's failure to file a motion for post-trial relief has resulted in the waiver of all issues on appeal. Accordingly, we quash Progress Auto's appeal.

_____

[1] Progress Auto's November 17, 2022 notice of appeal incorrectly identified the decision of October 18, 2022 as the order on appeal. Final judgment was not entered until December 9, 2022. However, under Rule 905(a)(5) of the Pennsylvania Rules of Appellate Procedure, "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof." Pa.R.A.P. 905(a)(5). Accordingly, we will treat the appeal as having been taken from the final judgment.

# I. Background

After receiving and investigating numerous consumer complaints, the Attorney General for the Commonwealth of Pennsylvania (Commonwealth) initiated an action against Progress Auto under the Unfair Trade Practices and Consumer Protection Law (UTPCPL).[2] *See* Reproduced Record (R.R.) at 12a-14a, ¶¶ 16 & 23. The Commonwealth alleged that Progress Auto violated the UTPCPL by failing to provide salvaged parts and repair services after receiving advanced payments, operating as a vehicle salvage dealer following the termination of its junkyard or automotive dismantler and recycler license, and failing to honor warranties.[3] *See id.* at 15a-32a, ¶¶ 28-75.[4] The Commonwealth requested that the trial court order payment of restitution and civil penalties and permanently enjoin Progress Auto from doing business in the Commonwealth as a vehicle salvage dealer, owning or operating an auto repair business in the Commonwealth, or applying for a junkyard or automotive dismantler and recycler license. *See id.*

On October 18, 2022, following a bench trial, the trial court entered a decision[5] in favor of the Commonwealth, imposing payment of restitution to the

---

[2] Act of December 17, 1968, P.L. 1224, *as amended*, 73 P.S. §§ 201-1 – 201-10.

[3] The Commonwealth also asserted that Progress Auto violated various provisions of the Automotive Industry Trade Practices Regulations (referred to by the Commonwealth as the "Auto Regulations"), 37 Pa. Code §§ 301.1-301.6, as well as the Vehicle Code, 75 Pa.C.S. §§ 101-9701, and the accompanying regulations, 67 Pa. Code §§ 401.1-49510). R.R. at 20a & 26a.

[4] The Commonwealth averred that criminal police reports and civil actions filed against Progress Auto by other aggrieved consumers contained similar allegations. *See* R.R. at 14a, ¶ 24.

[5] We note that the trial court erroneously designated its non-jury trial decision as a verdict. *See Sands v. Andino*, 590 A.2d 761, 764 (Pa. Super. 1991) (stating that "it was procedurally impossible for a verdict to have been entered . . . because the case was tried before a judge sitting

testifying consumers in the amount of $116,044 and civil penalties payable to the Commonwealth in the amount of $10,000. R.R. at 68a-69a. Further, the trial court permanently enjoined Progress Auto from holding a junkyard or automotive dismantler and recycling license. *Id.* at 68a.

Progress Auto filed no motion for post-trial relief following the trial court's decision, but nonetheless appealed to this Court on November 17, 2022. Original Record (O.R.) at 4.[6] The following day, the trial court "direct[ed] [Progress Auto] to enter judgment . . . to perfect [its] appeal" and ordered Progress Auto to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure (Appellate Rules), Pa.R.A.P. 1925(b). *Id.* at 43. On December 9, 2022, Progress Auto filed its Appellate Rule 1925(b) statement and praeciped for entry of judgment pursuant to Rule 227.4(2) of the Pennsylvania Rules of Civil Procedure (Civil Rules).[7] *Id.* at 3 & 39-42. The trial court entered judgment in the amount of $116,044 the same day. *Id.* at 3.

Notwithstanding Progress Auto's failure to file a post-trial motion, the trial court thereafter issued an opinion expounding upon its decision pursuant to

---

without a jury," further explaining that "[i]n such instances, the trial court renders a *decision,* not a *verdict*"). *See Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018) (stating that "Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues"). Accordingly, this opinion shall hereinafter refer to the October 18, 2022 verdict as the trial court's decision.

[6] We note that citations to the original record reference the page numbers of the PDF document, as the record is not internally paginated.

[7] Civil Rule 227.4(2) provides that "the prothonotary shall, upon praecipe of a party . . . enter judgment when a court grants or denies relief but does not itself enter judgment or order the prothonotary to do so." Pa.R.Civ.P. 227.4(2). We observe that pursuant to Civil Rule 227.4(1)(a), "the prothonotary shall, upon praecipe of a party . . . enter judgment upon a nonsuit by the court, the verdict of a jury *or the decision of a judge following a trial without jury, if . . . no timely post-trial motion is filed*[.]" Pa.R.Civ.P. 227.4(1)(a) (emphasis added).

Appellate Rule 1925(a). The trial court stated, in relevant part, that it possessed the authority to issue the permanent injunction pursuant to Section 4 of the UTPCPL, 73 P.S. § 201-4. R.R. at 90a (citing *Commonwealth v. Hasan* (Bucks Cnty. C.P., No. 200808872, filed May 3, 2012) (*Hasan I*), *aff'd* (Pa. Cmwlth., No. 150 C.D. 2012, filed May 2, 2013) (*Hasan II*)). The trial court explained further:

> The [UTPCPL] specifically permits the Attorney General to request a permanent injunction upon finding [] a violation of the [UTPCPL].[8] The Court found multiple violations of the [UTPCPL], all from the same source of [Progress Auto's] operation of a junkyard. Thus, we determined i[t] was in the public interest to issue a permanent injunction barring [Progress Auto] from the practice of operating a junkyard.[9]

*Id.* at 91a.

---

[8] Pursuant to Section 4 of the UTPCPL,

> [w]henever the Attorney General or a District Attorney has reason to believe that any person is using or is about to use any method, act or practice declared by [S]ection 3 of this act to be unlawful, and that proceedings would be in the public interest, he may bring an action in the name of the Commonwealth against such person to restrain by temporary or permanent injunction the use of such method, act or practice.

73 P.S. § 201-4.

[9] Section 9 of the UTPCPL provides that

> [u]pon petition by the Attorney General, the court having jurisdiction, may, in its discretion, order the dissolution, suspension or forfeiture of the franchise or right to do business of any person, firm or corporation *which violates the terms of an injunction issued under [S]ection 4 of this act*. In addition, the court may appoint a receiver of the assets of the company.

73 P.S. § 201-9 (emphasis added).

4

## II. Issues

Before this Court,[10] Progress Auto argues that the trial court erred in permanently enjoining it from holding a junkyard license and automotive dismantler and recycling license under Section 9 of the UTPCPL, 73 P.S. § 201-9, when the court did not first issue a temporary injunction under Section 4 of the UTPCPL, 73 P.S. § 201-4. Progress Auto's Br. at 4. Further, Progress Auto points out that the trial court granted its motion for involuntary nonsuit on Count II of the complaint, in which the Commonwealth alleged that Progress Auto violated the UTPCPL by operating as a vehicle salvage dealer without a proper license. *Id.* at 4-5 (citing R.R. at 8a-32a & 61a-67a). Moreover, Progress Auto notes that Count II was the only count in the complaint which referenced a junkyard or automotive dismantler and recycler license. *Id.* Progress Auto maintains that "[t]here was no evidence presented at trial to establish that [its] possession of a junkyard license or automotive dismantler and recycling license was an act or practice declared unlawful under the UTPCPL." *Id.* at 4. Progress Auto also asserts that the trial court erred in relying on the unpublished case of *Hasan I*, as that opinion is not binding and, in any event, involved only a temporary injunction. *Id.* at 5-6. Thus, Progress Auto requests that this Court reverse the portion of the trial court decision enjoining it from holding a junkyard license and automotive dismantler and recycling license. *Id.* at 7.

---

[10] The "appellate role in cases arising from non-jury trial [decisions] is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law." *Stephan v. Waldron Elec. Heating & Cooling LLC*, 100 A.3d 660, 664 (Pa. Super. 2014). "With respect to issues of law, our standard of review is *de novo* and our scope of review is plenary." *Coalition for Affordable Util. Servs. & Energy Efficiency in Pa. v. Pa. Pub. Util. Comm'n*, 120 A.3d 1087, 1095 (Pa. Cmwlth. 2015) (citing *Mercury Trucking, Inc. v. Pa. Public Util. Comm'n*, 55 A.3d 1056, 1082 (Pa. 2012)).

The Commonwealth concedes that technically, "the trial court did not have the authority[] under Section 9 [of the UTPCPL, 73 P.S. § 201-9,] to permanently enjoin Progress Auto from holding a junkyard license," because "a necessary predicate for the forfeiture of the right to do business is the violation of an existing injunction prohibiting the use of some deceptive business practice." Commonwealth's Br. at 22. Nevertheless, the Commonwealth contends that Progress Auto waived its argument that the trial court lacked the statutory authority to issue the permanent injunction, as it failed to file a post-trial motion.[11] *Id.* at 20. The Commonwealth maintains that, although Progress Auto raised this contention "in passing" in its closing statement before the trial court, "[r]aising an issue before and during a trial will not preserve the issue on appeal where the appellant failed to raise the issue in a post-trial motion." *Id.* at 20-21 (quoting *Susquehanna Cnty. Comm'rs v. Montrose Bible Conf.*, 138 A.3d 142, 144 (Pa. Cmwlth. 2016)). Further, the Commonwealth notes that "[r]aising the issue in a Pa.R.A.P. 1925(b) Statement, as Progress Auto did here . . . is also insufficient for purposes of preservation where the issue was not raised in a post-trial motion." *Id.* at 21 n.11 (citing *Susquehanna*, 138 A.3d at 144). Regardless, the Commonwealth asserts that the trial court possessed the authority pursuant to its equitable powers to permanently enjoin Progress Auto from holding a junkyard or automotive and recycler license. *Id.* at 20.

### III. Discussion

Pennsylvania Rule of Civil Procedure 227.1(c)(2) provides, in pertinent part, that "[p]ost-trial motions shall be filed within ten days after . . . the filing of the decision in the case of a trial without jury." Pa.R.Civ.P. 227.1(c)(2). "The motion

---

[11] The Commonwealth notes that Progress Auto did not file a post-trial motion. Commonwealth's Br. at 21.

6

shall state how the grounds were asserted in pre-trial proceedings or at trial. Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds."[12] Pa.R.Civ.P. 227.1(b)(2). This Court has explained that

> [a] party must raise an issue in a post-trial motion in order to preserve the issue for appellate review. *Chalkey v. Roush*, . . . 805 A.2d 491, 496 ([Pa.] 2002). The purpose of Pa.R.C[iv.].P. [] 227.1 is to avoid the need for appellate review by providing the trial court a chance to correct any errors in its ruling. *Id.* at 494 n.9. Raising an issue before and during a trial will not preserve the issue on appeal where the appellant failed to raise the issue in a post-trial motion. *M.C. and E.K. Lees, Inc. v. Capenos*, 119 A.3d 1092, 1101 (Pa. Cmwlth. [2015]) . . . .

*Susquehanna*, 138 A.3d at 144. "Issues not preserved for appellate review cannot be considered by an appellate court even though the alleged error involves a basic or fundamental error." *Dennis v. Se. Pa. Transp. Auth.*, 833 A.2d 348, 352 (Pa. Cmwlth. 2003) (citation omitted).

Here, Progress Auto did not file a motion for post-trial relief; nor did it offer good cause to assert grounds for an appeal notwithstanding its failure to file a post-trial motion. Further, as noted by the Commonwealth, Progress Auto's inclusion of the argument in its Appellate Rule 1925(b) statement of errors complained of on appeal does not surmount waiver arising from the failure to file a post-trial motion. *See* Pa.R.A.P. 1925(b); R.R. at 8a; *Susquehanna*, 138 A.3d at 144 (citation omitted) (explaining that "[a]n appellant cannot preserve an issue by raising it in a Pa.R.A.P.1925(b) statement where the appellant failed to raise the issue in a post-trial motion"). Thus, we agree with the Commonwealth that Progress Auto

---

[12] "The issue of waiver presents a question of law, and, as such, our standard of review is *de novo* and our scope of review is plenary." *Trigg v. Children's Hosp. of Pittsburgh of UPMC*, 229 A.3d 260, 269 (Pa. 2020).

waived all issues on appeal.[13]  *See Susquehanna*, 138 A.3d at 144 (holding that a county waived its issue on appeal, where it never filed a post-trial motion); *Mun. Auth. of Hazle Twp. v. Lagana*, 848 A.2d 1089, 1091 (Pa. Cmwlth. 2004) (dismissing appeal, where the plaintiff "failed to preserve any issues by filing a motion for post-trial relief under Pa.[Civ.P.] [] 227.1").[14]

[13] We note that post-trial motions are regularly filed following the issuance of permanent injunctions. *See, e.g., K.H. v. Pa. Interscholastic Athletic Ass'n*, 277 A.3d 638 (Pa. Cmwlth. 2022) (recounting the filing of a post-trial motion after entry of a permanent injunction); *Applewhite v. Commonwealth of Pa.* (Pa. Cmwlth., No. 330 M.D. 2012, filed April 28, 2014) (McGinley, J., single-judge op.) (addressing a post-trial motion filed after this Court's entry of a permanent injunction in a case filed in our original jurisdiction). We recognize that injunction orders satisfying the criteria of Appellate Rule 311(a)(4)(ii), Pa.R.A.P. 311(a)(4)(ii), may be immediately appealable notwithstanding the failure to file a post-trial motion under Civil Rule 227.1, Pa.R.Civ.P. 227.1.  *See, e.g.*, *Morgan v. Millstone Res. Ltd.*, 267 A.3d 1235, 1242-43 (Pa. Super. 2021) (exercising jurisdiction pursuant to Appellate Rule 311(a)(4)(ii) in the absence of a post-trial motion, where the appellant had appealed under Appellate Rule 311 as "an alternative route to appellate review").  However, in *Morgan*, the appellant specifically invoked Appellate Rule 311(a)(4)(ii) in his appeal to the Superior Court.  *See id.* at 1242.  We emphasize that Progress Auto did not do so here.  To the contrary, its Docketing Statement indicated "n/a" in the form space inquiring as to whether the challenged order constituted an appealable interlocutory order pursuant to Appellate Rule 311.  Similarly, the statement of jurisdiction in its brief before this Court cited only Appellate Rule 341(a), governing final orders, Pa.R.A.P. 341(a).  Progress Auto's Br. at iii.  Further, despite the Commonwealth's assertion in its brief that Progress Auto had waived all issues by its failure to file a post-trial motion, Progress Auto did not file a reply brief attempting to refute that argument.

[14] Progress Auto maintains that the trial court erred in relying on the unpublished common pleas court decision in *Commonwealth v. Hasan* (Bucks Cnty. C.P., No. 200808872, filed May 3, 2012) (*Hasan I*), as it constituted non-binding precedent and was also inapposite.  *See* Progress Auto's Br. at 5-6.  Notably, in affirming the common pleas court in that matter, we determined that the appellant waived his challenge to the injunction issued by the trial court upon petition by the Attorney General under the UTPCPL, explaining as follows:

> [The appellant] may not characterize what should have been asserted previously in his defensive pleadings *and/or in a post-trial motion* as a "petition to modify [the injunction]" to avoid the consequence of waiver.  The [f]inal [d]ecree issued on January 21, 2011, disposed of all issues.  [The appellant] took *no* action until

## IV. Conclusion

For the foregoing reasons, we quash the appeal.

_____
CHRISTINE FIZZANO CANNON, Judge

---

nine months later.  Because [the appellant] failed to raise this issue
before his [m]otion to [m]odify the [i]njunction, he waived his right
to make this argument.  Based on the circumstances presented here,
this Court agrees with the Commonwealth that [the appellant's]
attack on the underlying validity of the injunction was untimely.

*Commonwealth ex rel. Corbett v. Hasan* (Pa. Cmwlth., No. 150 C.D. 2012, filed May 2, 2013)
(*Hasan II*), slip op. at 10 (emphasis added) (citation omitted).  Section 414(a) of this Court's
Internal Operating Procedures, 210 Pa. Code § 69.414(a), provides that unreported memorandum
opinions of this Court issued after January 15, 2008 may be cited for their persuasive value.  We
find our reasoning in *Hasan II* persuasive here.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania,  :
by Attorney General Josh Shapiro  :
          :
    v.       :
          :
Progress Auto Salvage, Inc. and  :
Emeka K. Oguejiofor,    : No. 1311 C.D. 2022
     Appellants  :

## O R D E R

AND NOW, this 16th day of January, 2024, the appeal of Progress Auto Salvage, Inc. and Emeka K. Oguejiofor is QUASHED.

_____
CHRISTINE FIZZANO CANNON, Judge